[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 04, 2007
THOMAS K. KAHN
CLERK

_____

No. 05-15159
Non-Argument Calendar

_____

D. C. Docket No. 91-00598-CR-SH

HAROLD BROWN,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(May 4, 2007)**

Before DUBINA, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Federal prisoner Harold Brown ("Brown"), proceeding pro se, appeals the

district court's order dismissing his Fed.R.Civ.P. 60(b) ("Rule 60(b)") motion,

which the district court recharacterized as a successive 28 U.S.C. § 2255 ("§

2255") motion. We granted a Certificate of Appealability on the question of whether the district court erred by treating appellant's Rule 60(b) motion as an impermissibly successive § 2255 motion to vacate pursuant to Gonzalez v. Crosby, 545 U.S. 524 (2005).

The government concedes that the district court improperly treated Brown's Rule 60(b) motion as an unauthorized second or successive § 2255 motion. Brown's motion did not present new claims for relief, nor did it seek to relitigate previous claims. The Rule 60(b) motion claimed a defect in the process of Brown's prior habeas proceedings.

Accordingly, the district court erred in construing Brown's Rule 60(b) motion as a successive habeas corpus application. Without passing judgment on the merits of Brown's Rule 60(b) motion, we vacate and remand to the district court so it can properly address Brown's motion as a Rule 60(b) motion.

**VACATED AND REMANDED.**