[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-14336
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 20, 2011
JOHN LEY
CLERK

D.C. Docket No. 0:02-cv-60821-WPD

MACKIE L. SHIVERS, JR.,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 20, 2011)

Before TJOFLAT, CARNES and FAY, Circuit Judges.

PER CURIAM:

Mackie Shivers, a federal prisoner proceeding *pro se*, appeals the district court's order imposing sanctions. He argues that the district court abused its discretion in determining that he is a vexatious litigant and in prospectively denying him *in forma pauperis* ("IFP") status for certain post-conviction claims. For the reasons set forth below, we affirm.

I.

Shivers, who is serving a life sentence for possession and conspiracy to possess with intent to distribute cocaine, filed a 28 U.S.C. § 2255 motion in June 2002, alleging, in relevant part, that officers who searched his property in May 1999 had exceeded the scope of the search warrants and, thus, counsel was ineffective for failing to obtain suppression of the evidence. The district court denied the motion on the merits later that month. Shivers filed a motion for reconsideration pursuant to Fed.R.Civ.P. 59, which the district court denied. The court further denied a certificate of appealability ("COA"), as did we.

In 2003, Shivers filed a Fed.R.Civ.P. 60(b) motion for relief from the judgment, alleging fraud and mistake in that the officers who searched his property exceeded the scope of the search warrants and fraudulently represented a probable-cause affidavit as a search warrant. The district court dismissed the motion as an impermissible successive § 2255 motion. Shivers moved for

reconsideration, which the district court denied. The court further denied a COA and Shivers's motion for reconsideration of the denial of a COA. We denied a COA, as well.

Between July 2006 and January 2009, Shivers filed five Rule 60(b)(4) motions, two of which included challenges to the validity of the 1999 search warrants. Shivers voluntarily dismissed one of the motions, and the district court dismissed the other four. Both we and the district court declined to grant COAs.

In October 2009, Shivers filed another Rule 60(b) motion, which again alleged, in part, purported defects or fraud in the search warrants and supporting affidavits. The district court dismissed the motion without prejudice to the filing of an application for leave to file a successive § 2255 motion. Shivers moved for reconsideration, which the district court denied. In its order denying reconsideration, the district court stated, "Any further frivolous motions will result in an order to show cause why sanctions for an abuse of process should not be entered." The district court and we denied a COA.

Additionally, Shivers unsuccessfully applied to us in 2005, 2006, and 2009 for leave to file a second or successive § 2255 motion. He also attempted at least once to collaterally attack his conviction with a 28 U.S.C. § 2241 petition filed in another district. This petition alleged that the evidence against him had been

3

seized illegally pursuant to defective or fraudulent warrants and affidavits.

In July 2010, Shivers filed an "independent action to set aside judgment for fraud upon the court pursuant to the Federal Rules of Civil Procedure 60(d)(3)." The motion alleged that (1) the defects or fraud in the search warrants and affidavits, (2) the subsequent illegal seizure of evidence, (3) the prosecutor's and defense attorney's alleged collusion in a scheme to withhold evidence of the search's illegality, and (4) defense counsel's failure to suppress the illegally seized evidence constituted fabrication of evidence and a fraud upon the court.

The district court denied the Rule 60(d)(3) action without prejudice to filing an application for leave to file a successive § 2255 motion. It further noted its inherent power to prevent vexatious litigation, and ordered Shivers to show cause why he should not be sanctioned in the form of denial of IFP status for all future frivolous motions. Shivers appealed the district court's order insofar as it denied the Rule 60(d)(3) motion, and both the district court and we denied a COA.

After receiving Shivers's response to the show-cause portion of the order, the district court found that the Rule 60(d)(3) motion alleged corrupt conduct by officers of the court arising from the search-warrant affidavits, and that Shivers had raised almost identical complaints in his original § 2255 motion, the 2003 Rule 60(b) motion, and Rule 60(b)(4) motions filed in November 2006, January

2009, and October 2009. It further noted that it had warned Shivers in the denial of the October 2009 motion that his filings bordered on abuse of process, and it found that the abuse of process had extended to the Northern District of Georgia, where Shivers filed the § 2241 petition.

The court found that Shivers's frivolous filings were frustrating its responsibility to allocate its resources in a way that promotes the interests of justice, and that, although Shivers had filed numerous frivolous motions and writs, the most egregious abuse of process was associated with his continued complaint about the affidavits underlying the 1999 searches. Accordingly, rather than deny Shivers IFP status for all future collateral attacks, the district court denied IFP status for any future collateral attack that alleged, in any way, a complaint about the affidavits involved in the 1999 search. Any reference to the search-warrant affidavits in any future collateral attack would result in a denial of IFP status and dismissal of the pleading. The court found that such a sanction was warranted in light of Shivers's history of vexatious and duplicative motions, his lack of good faith in pursuing the complaints about the search-warrant affidavits, the burden on the courts created by his repeated filings, and the inadequacy of alternative sanctions. The court further stated that future frivolous collateral attacks could result in expansion of the sanctions, but that Shivers would not be prevented from

filing any collateral attack he wished if he paid the filing fee. The court also would accept any pleading filed by a member of the bar on Shivers's behalf.

II.

Injunctive restrictions on filings by abusive litigants are "necessary and prudent" in order to curb conduct that would impair the rights of other litigants and the courts' ability to carry out their Article III functions. *Procup v. Strickland*, 792 F.2d 1069, 1071, 1073 (11th Cir. 1986) (*en banc*). Therefore, district courts have considerable discretion to impose even severe restrictions on what such individuals may file and how they must behave, though the conditions must not have the effect of completely foreclosing access to the courts. *Id.* at 1074. Re-imposing filing fees on indigent litigants is one available restriction, although any injunction prohibiting IFP filings must be carefully tailored so as to minimize the exclusion of legitimate claims. *Miller v. Donald*, 541 F.3d 1091, 1096-97 (11th Cir. 2008) (discussing such restrictions in the non-habeas context).

In addition, before a federal prisoner may file a second or successive § 2255 motion in the district court, he must apply to us for an order authorizing the district court to consider it. 28 U.S.C. § 2255(h), *cross-referencing* 28 U.S.C. § 2244. A Rule 60 motion that attacks the defendant's conviction or the merits of the previous resolution of a post-conviction claim must be construed as a

successive § 2255 motion. *Gonzalez v. Crosby*, 545 U.S. 524, 531-32, 125 S.Ct. 2641, 2647-48, 162 L.Ed.2d 480 (2005).

Since the denial of his § 2255 motion in June 2002, Shivers has filed nine additional post-conviction motions and petitions, four of which he followed with unsuccessful motions for reconsideration. Six of the motions and petitions, including the Rule 60(d)(3) action, ultimately have sought to challenge the validity of his conviction on the basis of the allegedly defective or fraudulent search warrants and affidavits. The district courts have repeatedly and correctly instructed him that this claim is not cognizable unless we grant him permission to raise it in a successive § 2255 motion, which we have never done. The district court did not abuse its discretion in concluding that Shivers's insistence on continuing to raise a claim that he is statutorily prohibited from pursuing, *see* § 2255(h), constituted vexatious litigation that warranted some type of sanction. *See Procup*, 792 F.2d at 1071, 1073-74.

In determining the sanction that would be appropriate, the district court noted that Shivers's most egregious behavior was associated with the search-warrant issue. In the interest of curbing the vexatious search-warrant-related litigation while minimizing the effect on potential legitimate claims, the court determined that (1) any future *pro se* pleading that addressed the search warrant

issue will be denied IFP status, and the pleading will be dismissed if Shivers does not pay the filing fee; (2) IFP status is not prospectively barred for future *pro se* pleadings that do not address the search-warrant issue; and (3) Shivers may file any post-conviction claim he wishes if he pays the filing fee or files the pleading through counsel. The district court's reasoned, carefully tailored injunction leaves the courthouse door open for all claims not related to the thoroughly exhausted search-warrant issue, and, thus, clearly was within the district court's discretion. *See Miller*, 541 F.3d at 1096-97; *Procup*, 792 F.2d at 1074.

For the foregoing reasons, we affirm the district court's judgment.

**AFFIRMED.**