*526 Justice Scalia
delivered the opinion of the Court.
After the federal courts denied petitioner habeas corpus relief from his state conviction, he filed a motion for relief from that judgment, pursuant to Federal Rule of Civil Procedure 60(b). The question presented is whether, in a habeas case, such motions are subject to the additional restrictions that apply to “second or successive” habeas corpus petitions under the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), codified at 28 U. S. C. § 2244(b).
I
Petitioner Aurelio Gonzalez pleaded guilty in Florida Circuit Court to one count of robbery with a firearm. He filed no appeal and began serving his 99-year sentence in 1982. Some 12 years later, petitioner began to seek relief from his conviction. He filed two motions for state postconviction relief, which the Florida courts denied. Thereafter, in June 1997, petitioner filed a federal habeas petition in the United States District Court for the Southern District of Florida, *527 alleging that his guilty plea had hot been entered knowingly and voluntarily.
Upon the State’s motion, the District Court dismissed petitioner’s habeas petition as barred by AEDPA’s statute of limitations, 28 U. S. C. § 2244(d). Under Eleventh Circuit precedent, petitioner’s filing deadline, absent tolling, was April 23,1997, one year after AEDPA’s statute of limitations took effect. Wilcox v. Florida Dept. of Corrections, 158 F. 3d 1209, 1211 (CA11 1998) (per curiam). Adopting a Magistrate Judge’s recommendation, the District Court concluded that the limitations period was not tolled during the 163-day period while petitioner’s second motion for state postconviction relief was pending. Section 2244(d)(2) tolls the statute of limitations during the pendency of “properly filed” applications only, and the District Court thought petitioner’s motion was not “properly filed” because it was both untimely and successive. Without tolling, petitioner’s federal habeas petition was two months late, so the District Court dismissed it as time barred. A judge of the Eleventh Circuit denied a certificate of appealability (GOA) on April 6, 2000, and petitioner did not file for rehearing or review of that decision.
On November 7, 2000, we held in Artuz v. Bennett, 531 U. S. 4, that an application for state postconviction relief can be “properly filed” even if the state courts dismiss it as procedurally barred. See id., at 8-9. Almost nine months later, petitioner filed in the District Court a pro se “Motion to Amend or Alter Judgment,” contending that the District Court’s time-bar ruling was incorrect under Artuz’s construction of § 2244(d), and invoking Federal Rule of Civil Procedure 60(b)(6), which permits a court to relieve a party from the effect of a final judgment.[1] The District Court denied the motion, and petitioner appealed.
*528 A judge of the Court of Appeals for the Eleventh Circuit granted petitioner a COA, but a panel quashed the certificate as improvidently granted. 317 F. 3d 1308, 1310, 1314 (2003). The full court vacated that order and reheard the case en banc. It granted petitioner a COA but held, by a vote of 7 to 4, that the District Court was correct to deny his Rule 60(b) motion. The en banc majority determined that petitioner’s motion — indeed, any postjudgment motion under Rule 60(b) save one alleging fraud on the court under Rule 60(b)(3) — was in substance a second or successive habeas corpus petition. 366 F. 3d 1253, 1278, 1281-1282 (2004). A state prisoner may not file such a petition without precerti-fication by the court of appeals that the petition meets certain stringent criteria. § 2244(b). Because petitioner’s motion did not satisfy these requirements, the Eleventh Circuit affirmed its denial. Id., at 1282.
We granted certiorari. 543 U. S. 1086 (2005).
HH HH
Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence.[2] Rule 60(b)(6), the particular provision *529 under which petitioner brought his motion, permits reopening when the movant shows “any ... reason justifying relief from the operation of the judgment” other than the more specific circumstances set out in Rules 6Q(b)(1)-(5). See Liljeberg v. Health Services Acquisition Corp., 486 U. S. 847, 863, n. 11 (1988); Klapprott v. United States, 335 U. S. 601, 613 (1949) (opinion of Black, J.). The mere recitation of these provisions shows why we give little weight to respondent’s appeal to the virtues of finality. That policy consideration, standing alone, is unpersuasive in the interpretation of a provision whose whole purpose is to make an exception to finality. The issue here is whether the text of Rule 60(b) itself, or of some other provision of law, limits its application in a manner relevant to the case before us.
AEBPA did not expressly circumscribe the operation of Rule 60(b). (By contrast, AEBPA directly amended other provisions of the Federal Rules. See, e. g., AEBPA, § 103, 110 Stat. 1218 (amending Fed. Rule App. Proc. 22).) The new habeas restrictions introduced by AEBPA are made indirectly relevant, however, by the fact that Rule 60(b), like the rest of the Rules of Civil Procedure, applies in habeas corpus proceedings under 28 U. S. C. §2254[3] only “to the extent that [it is] not inconsistent with” applicable federal statutory provisions and rules. 28 U. S. C. §2254 Rule 11; see Fed. Rule Civ. Proc. 81(a)(2). The relevant provisions of the AEBPA-amended habeas statutes, 28 U. S. C. §§ 2244(b)(lM3), impose three requirements on second or successive habeas petitions: First, any claim that has already *530 been adjudicated in a previous petition must be dismissed. § 2244(b)(1). Second, any claim that has not' already been adjudicated must be dismissed unless it relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence. § 2244(b)(2). Third, before the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet §2244(b)(2)’s new-rule or actual-innocence provisions. § 2244(b)(3). We proceed to consider whether these provisions limit the application of Rule 60(b) to the present case.
A
“As a textual matter, § 2244(b) applies only where the court acts pursuant to a prisoner’s ‘application’ ” for a writ of habeas corpus. Calderon v. Thompson, 523 U. S. 538, 554 (1998). We therefore must decide whether a Rule 60(b) motion filed by a habeas petitioner is a “habeas corpus application” as the statute uses that term.
Under § 2244(b), the first step of analysis is to determine whether a “claim presented in a second or successive habeas corpus application” was also “presented in a prior application.” If so, the claim must be dismissed; if not, the analysis proceeds to whether the claim satisfies one of two narrow exceptions. In either event, it is clear that for purposes of § 2244(b) an “application” for habeas relief is a filing that contains one or more “claims.” That definition is consistent with the use of the term “application” in the other habeas statutes in chapter 153 of title 28. See, e. g., Woodford v. Garceau, 538 U. S. 202, 207 (2003) (for purposes of § 2254(d), an application for habeas corpus relief is a filing that seeks “an adjudication on the merits of the petitioner’s claims”). These statutes, and our own decisions, make clear that a “claim” as used in § 2244(b) is an asserted federal basis for relief from a state court’s judgment of conviction.
In some instances, a Rule 60(b) motion will contain one or more “claims:” For example, it might straightforwardly *531 assert that owing to “excusable neglect,” Fed. Rule Civ. Proc. 60(b)(1), the movant’s habeas petition had omitted a claim of constitutional error, and seek leave to present that claim. Cf. Harris v. United States, 367 F. 3d 74, 80-81 (CA2 2004) (petitioner’s Rule 60(b) motion sought relief from judgment because habeas counsel had failed to raise a Sixth Amendment claim). Similarly, a motion might seek leave to present “newly discovered evidence,” Fed. Rule Civ. Proc. 60(b)(2), in support of a claim previously denied. E. g., Rod-well v. Pepe, 324 F. 3d 66,69 (CAl 2003). Or a motion might contend that a subsequent change in substantive law is a “reason justifying relief,” Fed. Rule Civ. Proc. 60(b)(6), from the previous denial of a claim. E. g., Dunlap v. Litscher, 301 F. 3d 873, 876 (CA7 2002). Virtually every Court of Appeals to consider the question has held that such a pleading, although labeled a Rule 60(b) motion, is in substance a successive habeas petition and should be treated accordingly. E. g., Rodwell, supra, at 71-72; Dunlap, supra, at 876.
We think those holdings are correct. A habeas petitioner’s filing that seeks vindication of such a claim is, if not in substance a “habeas corpus application,” at least similar enough that failing to subject it to the same requirements would be “inconsistent with” the statute. 28 U. S. C. §2254 Rule 11. Using Rule 60(b) to present new claims for relief from a state court’s judgment of conviction — even claims couched in the language of a true Rule 60(b) motion — circumvents AEDPA’s requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts. § 2244(b)(2). The same is true of a Rule 60(b)(2) motion presenting new evidence in support of a claim already litigated: Even assuming that reliance on a new factual predicate causes that motion to escape § 2244(b)(l)’s prohibition of claims “presented in a prior application,” § 2244(b)(2)(B) requires a more convincing factual showing than does Rule 60(b). Likewise, a Rule 60(b) motion based on a purported change in the substantive law governing the claim could be used to circumvent §2244(b)(2)(A)’s *532 dictate that the only new law on which a successive petition may rely is “a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.” In addition to the substantive conflict with AEBPA standards, in each of these three examples use of Rule 60(b) would impermissibly circumvent the requirement that a successive habeas petition be precertified by the court of appeals as falling within an exception to the successive-petition bar. § 2244(b)(3).
In most cases, determining whether a Rule 60(b) motion advances one or more “claims” will be relatively simple. A motion that seeks to add a new ground for relief, as in Harris, supra, will of course qualify. A motion can also be said to bring a “claim” if it attacks the federal court’s previous resolution of a claim on the merits,[4], since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief. That is not the case, however, when a Rule 60(b) motion attacks, not the substance of the federal court’s resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings.[5]
*533 B
When no “claim” is presented, there is no basis for contending that the Rule 60(b) motion should be treated like a habeas corpus application. If neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant’s state conviction, allowing the motion to proceed as denominated creates no inconsistency with the habeas statute or rules. Petitioner’s motion in the present case, which alleges that the federal courts misapplied the federal statute of limitations set out in § 2244(d), fits this description.[6]
Like the Court of Appeals, respondent relies heavily on our decision in Calderon v. Thompson, 523 U. S. 538 (1998). In that case we reversed the Ninth Circuit’s decision to recall its mandate and reconsider the denial of Thompson’s first federal habeas petition; the recall was, we held, an abuse of discretion because of its inconsistency with the policies embodied in AEDPA. Id., at 554-559. Analogizing an appellate court’s recall of its mandate to a district court’s grant of relief from judgment, the Eleventh Circuit thought that Calderon’s disposition applied to Rule 60(b). 366 F. 3d, at 1272-1277. We think otherwise. To begin with, as the opinion said, compliance with the actual text of AEDPA’s *534 successive-petition provision was not at issue in Calderon— because the Court of Appeals considered only the claims and evidence presented in Thompson’s first federal habeas petition. 523 U. S., at 554. Calderon did state, however, that “a prisoner’s motion to recall the mandate on the basis of the merits of the underlying decision can be regarded as a second or successive application.” Id., at 553 (emphasis added). But that is entirely consonant with the proposition that a Rule 60(b) motion that seeks to revisit the federal court’s denial on the merits of a claim for relief should be treated as a successive habeas petition. The problem for respondent is that this case does not present a revisitation of the merits. The motion here, like some other Rule 60(b) motions in §2254 cases, confines itself not only to the first federal habeas petition, but to a nonmerits aspect of the first federal habeas proceeding. Nothing in Calderon suggests that entertaining such a filing is “inconsistent with” AEDPA.
Rule 60(b) has an unquestionably valid role to play in ha-beas cases. The Rule is often used to relieve parties from the effect of a default judgment mistakenly entered against them, e. g., Klapprott, 335 U. S., at 615 (opinion of Black, J.), a function as legitimate in habeas cases as in run-of-the-mine civil cases. The Rule also preserves parties’ opportunity to obtain vacatur of a judgment that is void for lack of subject-matter jurisdiction — a consideration just as valid in habeas cases as in any other, since absence of jurisdiction altogether deprives a federal court of the power to adjudicate the rights of the parties. Steel Co. v. Citizens for Better Environment, 523 U. S. 83, 94, 101 (1998). In some instances, we may note, it is the State, not the habeas petitioner, that seeks to use Rule 60(b), to reopen a habeas judgment granting the writ. See, e. g., Ritter v. Smith, 811 F. 2d 1398, 1400 (CA11 1987).
Moreover, several characteristics of a Rule 60(b) motion limit the friction between the Rule and the successive-petition prohibitions of AEDPA, ensuring that our harmonization of the two will not expose federal courts to an ava *535 lanche of frivolous postjudgment motions. First, Rule 60(b) contains its own limitations, such as the requirement that the motion “be made within a reasonable time” and the more specific 1-year deadline for asserting three of the most open-ended grounds of relief (excusable neglect, newly discovered evidence, and fraud). Second, our cases have required a movant seeking relief under Rule 60(b)(6) to show “extraordinary circumstances” justifying the reopening of a final judgment. Ackermann v. United States, 340 U. S. 193, 199 (1950); accord, id., at 202; Liljeberg, 486 U. S., at 864; id., at 873 (Rehnquist, C. J., dissenting) (“This very strict interpretation of Rule 60(b) is essential if the finality of judgments is to be preserved”). Such circumstances will rarely occur in the habeas context. Third, Rule 60(b) proceedings are subject to only limited and deferential appellate review. Browder v. Director, Dept. of Corrections of Ill., 434 U. S. 257, 263, n. 7 (1978). Many Courts of Appeals have construed 28 U. S. C. § 2253 to impose an additional limitation on appellate review by requiring a habeas petitioner to obtain a COA as a prerequisite to appealing the denial of a Rule 60(b) motion.[7]
Because petitioner’s Rule 60(b) motion challenges only the District Court’s previous ruling on the AEDPA statute of limitations, it is not the equivalent of a successive habeas *536 petition. The Eleventh Circuit therefore erred in holding that petitioner did not qualify even to seek Rule 60(b) relief.
)=H
Although the Eleventh Circuit s reasoning is inconsistent with our holding today, we nonetheless affirm its denial of petitioner’s Rule 60(b) motion.
Petitioner’s only ground for reopening the judgment denying his first federal habeas petition is that our decision in Artuz showed the error of the District Court’s statute-of-limitations ruling. We assume for present purposes that the District Court’s ruling was incorrect.[8] As we noted above, however, relief under Rule 60(b)(6) — the only subsection petitioner invokes — requires a showing of “extraordinary circumstances.” Petitioner contends that Artuz’s change in the interpretation of the AEDPA statute of limitations meets this description. We do not agree. The District Court’s interpretation was by all appearances correct under the Eleventh Circuit’s then-prevailing interpretation of 28 U. S. C. § 2244(d)(2). It is hardly extraordinary that subsequently, after petitioner’s case was no longer pending, this Court arrived at a different interpretation. Although our constructions of federal statutes customarily apply to all cases then pending on direct review, see, e. g., Harper v. Virginia Dept. of Taxation, 509 U. S. 86, 97 (1993), not every interpretation of the federal statutes setting forth the requirements for habeas provides cause for reopening cases long since final.[9] If Artuz justified reopening long-ago dis *537 missals based on a lower court’s unduly parsimonious interpretation of § 2244(d)(2), then Pace v. DiGuglielmo, 544 U. S. 408 (2005), would justify reopening long-ago grants of habeas relief based on a lower court’s unduly generous interpretation of the same tolling provision.
The change in the law worked by Artuz is all the less extraordinary in petitioner’s case, because of his lack of diligence in pursuing review of the statute-of-limitations issue. At the time Artuz was decided, petitioner had abandoned any attempt to seek review of the District Court’s decision on this statute-of-limitations issue. Although the District Court relied on Eleventh Circuit precedent holding that a state postconviction application is not “properly filed” if it is procedurally defaulted, and although that precedent was at odds with the rule in several other Circuits, petitioner neither raised that issue in his application for a COA, nor filed a petition for rehearing of the Eleventh Circuit’s denial of a COA, nor sought certiorari review of that denial.[10] This lack of diligence confirms that Artuz is not an extraordinary circumstance justifying relief from the judgment in petitioner’s case. Indeed, in one of the cases in which we explained Rule 60(b)(6)’s extraordinary-circumstances requirement, the movant had failed to appeal an adverse ruling by the District Court, whereas another party to the same judgment had *538 appealed and won reversal. Ackermann, 340 U. S., at 195. Some years later, the petitioner sought Rule 60(b) relief, which the District Court denied. We affirmed the denial of Rule 60(b) relief, noting that the movant’s decision not to appeal had been free and voluntary, although the favorable ruling in the companion case made it appear mistaken in hindsight. See id., at 198.
Under the Rule 60(b) standards that properly govern petitioner’s motion, the District Court was correct to deny relief.
* * *
We hold that a Rule 60(b)(6) motion in a § 2254 case is not to be treated as a successive habeas petition if it does not assert, or reassert, claims of error in the movant’s state conviction. A motion that, like petitioner’s, challenges only the District Court’s failure to reach the merits does not warrant such treatment, and can therefore be ruled upon by the District Court without precertification by the Court of Appeals pursuant to § 2244(b)(3). In this case, however, petitioner’s Rule 60(b)(6) motion fails to set forth an “extraordinary circumstance” justifying relief. For that reason, we affirm the judgment of the Court of Appeals.

It is so ordered.

 Although the title “Motion to Alter or Amend Judgment” suggests that petitioner was relying on Federal Rule of Civil Procedure 59(e), the substance of the motion made clear that petitioner sought relief under Rule 60(b)(6).

 Rule 60(b) provides in relevant part:
“On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ..., misrepresentation, or misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.”

 In this case we consider only the extent to which Rule 60(b) applies to habeas proceedings under 28 U. S. C. §2254, which governs federal habeas relief for prisoners convicted in state court. Federal prisoners generally seek postconviction relief under §2255, which contains its own provision governing second or successive applications. Although that portion of §2255 is similar to, and refers to, the statutory subsection applicable to second or successive §2254 petitions, it is not identical. Accordingly, we limit our consideration to §2254 cases.

 The term “on the merits” has multiple usages. See, e. g., Semtek Int’l Inc. v. Lockheed Martin Corp., 531 U. S. 497, 501-503 (2001). We refer here to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U. S. C. §§ 2254(a) and (d). When a movant asserts one of those grounds (or asserts that a previous ruling regarding one of those grounds was in error) he is making a habeas corpus claim. He is not doing so when he merely asserts that a previous ruling which precluded a merits determination was in error — for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar.

 Fraud on the federal habeas court is one example of such a defect. See generally Rodriguez v. Mitchell, 252 F. 3d 191, 199 (CA2 2001) (a witness’s allegedly fraudulent basis for refusing to appear at a federal habeas hearing “relate[d] to the integrity of the federal habeas proceeding, not to the integrity of the state criminal trial”). We note that an attack based on the movant’s own conduct, or his habeas counsel’s omissions, see, *533 e. g., supra, at 530-531, ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably.

 Petitioner notes that we held in Slack v. McDaniel, 529 U. S. 473 (2000), that when a petition is dismissed without prejudice as unexhausted, the refiled petition is not “successive.” He argues that, by parity of reasoning, his Rule 60(b) motion challenging the District Court dismissal of his petition on statute-of-limitations grounds is not “successive.” If this argument is correct, petitioner would be able to file not just a Rule 60(b) motion, but a full-blown habeas petition, without running afoul of § 2244(b). But see, e. g., Murray v. Greiner, 394 F. 3d 78, 81 (CA2 2005). We need not consider this contention, however, because we conclude that petitioner’s Rule 60(b) motion is not subject to the limitations applicable to ha-beas petitions.

 See Reid v. Angelone, 369 F. 3d 363, 369, n. 2 (CA4 2004) (citing cases); 366 F. 3d 1253, 1263 (CA11 2004) (case below); cf. Langford v. Day, 134 F. 3d 1381, 1382 (CA9 1998) (before AEDPA, a certificate of probable cause was a prerequisite to appealing the denial of a Rule 60(b) motion in a habeas case); Reid, supra, at 368 (same). But see Dunn v. Cockrell, 302 F. 3d 491, 492 (CA5 2002); 366 F. 3d, at 1298-1300 (Tjoflat, J., specially concurring in part and dissenting in part). Although we do not decide in this case whether this construction of §2253 is correct (the Eleventh Circuit granted petitioner a COA), the COA requirement appears to be a more plausible and effective screening requirement, with sounder basis in the statute, than the near-absolute bar imposed here by the Court of Appeals.

 Although respondent contends that petitioner’s motion for state post-conviction relief was untimely, and that the District Court’s denial of statutory tolling was therefore correct under Pace v. DiGuglielmo, 544 U. S. 408 (2005), the Florida courts made no reference to untimeliness in dismissing petitioner’s motion.

 A change in the interpretation of a substantive statute may have consequences for cases that have already reached final judgment, particularly in the criminal context. See Bousley v. United States, 523 U. S. 614, 619-621 (1998); cf. Fiore v. White, 531 U. S. 225, 228-229 (2001) (per curiam).

 We granted review to resolve the conflict over the interpretation of “properly filed” on April 17, 2000, only eight days after the Eleventh Circuit denied petitioner a COA and well within the 90-day period in which petitioner could have sought certiorari. Artuz v. Bennett, 529 U. S. 1065. Whether or not petitioner was aware that the issue was pending before us, see post, at 544-545, n. 7 (Stevens, J., dissenting), it is indisputable that had he but filed a petition raising the statute-of-limitations argument he now advances, we would surely have granted him the reconsideration in light of Artuz v. Bennett, 531 U. S. 4 (2000), that he later sought in his Kule 60(b) motion. See, e. g., Brown v. Moore, 532 U. S. 968 (2001) (granting a pro se petition for certiorari, vacating the Eleventh Circuit’s judgment denying a COA, and remanding for reconsideration in light of Artuz, 531 U. S. 4).