**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 9, 2009

Charles R. Fulbruge III
Clerk

No. 08-30660
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHADWICK DENARD CHISHOLM,

Defendant-Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:94-CR-19-1

Before GARZA, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Chadwick Denard Chisholm, federal prisoner # 08652-35, is serving a 292-month sentence for conspiracy to possess and possession with intent to distribute cocaine base. Chisholm filed a motion, styled as a FED. R. CIV. P. 60(b) motion to reopen his 28 U.S.C. § 2255 proceedings. Chisholm's § 2255 motion was denied in 1997, but he sought to reopen the matter to address an alleged jurisdictional defect in the proceeding pursuant to *Gonzalez v. Crosby*, 545 U.S. 524, 531-33 (2005). The district court construed Chisholm's pleading as an

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

unauthorized successive § 2255 motion and dismissed the motion for lack of jurisdiction.

Chisholm argues that, because the indictment against him failed to allege a drug quantity, the indictment was defective and the district court lacked jurisdiction to sentence him to more than the 20-year statutory maximum set forth in 21 U.S.C. § 841(b)(1)(C). This specific argument constitutes a new theory of relief. Although Chisholm challenged the adequacy of the district court factual findings with respect to drug quantity in his § 2255 motion, he did not raise the specific argument he asserts here. Accordingly, the district court did not err in construing his motion as an unauthorized successive § 2255 motion. *See Gonzalez*, 545 at 531, 532 & nn.4-5.

AFFIRMED.