NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No.  10-1242
_____

BARBARA CURRAN,
                              Appellant

v.

HOWMEDICA OSTEONICS; STRYKER CORP;
STRYKER INSTRUMENTS; STRYKER
ORTHOPEDICS INC; STRYKER HOWMEDICA
OSTEONICS CORP


_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 08-cv-00006)
District Judge:  Honorable Petrese B. Tucker
_____

Submitted Under Third Circuit LAR 34.1(a)
April 26, 2011

Before:  BARRY, HARDIMAN and NYGAARD, *Circuit Judges*
(Filed: April 26, 2011)
_____

OPINION OF THE COURT
_____

HARDIMAN, *Circuit Judge*.

        Barbara Curran appeals a judgment of the District Court denying her motion for

relief pursuant to Federal Rule of Civil Procedure 60(b).  We will affirm.

I

Because we write for the parties, we recite only the essential facts and procedural history.

In May 2004, Curran had bilateral artificial hip prostheses surgically implanted. According to Curran, after the surgery the prostheses failed, resulting in pain and limited motion in her hip joints. In December 2007, Curran sued Howmedica Osteonics Corp.,[1] the manufacturer of the prostheses, in the Court of Common Pleas of Philadelphia County asserting product liability and negligence claims. Howmedica removed Curran's suit to the United States District Court for the Eastern District of Pennsylvania. Howmedica gave notice of the removal to Curran's counsel, Michael J. Flanagan, pursuant to 28 U.S.C. § 1446(d).

Four years before the case was removed, in January 2004, Flanagan registered with the Eastern District of Pennsylvania's electronic case filing (ECF) system and consented to receive electronic filings pursuant to Local Rule 5.1.2(8). On September 3, 2008, Howmedica filed a motion to dismiss Curran's complaint. Service of the motion was

---

[1] In her complaint, Curran listed Howmedica Osteonics Corp.; Stryker Corp.; Stryker Instruments; Stryker Orthopaedics; and Stryker Howmedica Osteonics Corp. as separate defendants. According to Stryker's corporate disclosure statement, Howmedica Osteonics Corp. is a wholly owned subsidiary of Stryker Corporation. Stryker Instruments and Stryker Orthopaedics are not separate corporate entities, but rather are operating divisions within Stryker Corp. and Howmedica, respectively. For ease of exposition, we will refer to the defendants collectively as Howmedica.

properly made on Flanagan via the ECF system. Because Flanagan failed to respond to Howmedica's motion, the District Court dismissed Curran's complaint with prejudice on October 9, 2008.

According to Flanagan, on October 20, 2008, he went to the Clerk's Office to inquire about the status of the action and discovered that the complaint had been dismissed. Flanagan contacted Kim Catullo, Howmedica's counsel, and claimed that he had not received notice of Howmedica's motion to dismiss. Catullo responded that Howmedica's motion had been filed electronically and that court records indicated that Flanagan had received notice of the motion via e-mail on the day it was filed.

Flanagan took no further action until October 8, 2009—364 days after Curran's complaint had been dismissed—at which time he filed a motion for relief from dismissal pursuant to Federal Rule of Civil Procedure 60(b)(1). Therein, Flanagan averred that he had not received notice of Howmedica's motion to dismiss and argued that this "technological failure" constituted excusable neglect sufficient for relief pursuant to Rule 60(b)(1). The District Court denied the motion for relief, reasoning that Rule 60(b) motions must be filed within a "reasonable time," and that Flanagan had not provided any explanation for the 364-day delay between dismissal of Curran's suit and the motion for relief. Alternatively, the Court held that Curran failed to demonstrate the exceptional

3

circumstances necessary for relief.  This appeal followed.[2]

## II

"We review a district court's denial of a Rule 60(b) motion for abuse of discretion."  *Reform Party of Allegheny Cnty. v. Allegheny Cnty. Dept. of Elections*, 174 F.3d 305, 311 (3d Cir. 1999).  "An abuse of discretion may be found when 'the district court's decision rests upon a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact.'"  *Id.* (quoting *Int'l Union, UAW v. Mack Trucks, Inc.*, 820 F.2d 91, 95 (3d Cir. 1987)).

## III

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence."  *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005).  "The general purpose of Rule 60 . . . is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." *Boughner v. Sec'y of Health, Educ. & Welfare*, 572 F.2d 976, 977 (3d Cir. 1978). Because parties have a strong interest in the finality of judgments, "[t]his Court has . . . cautioned that relief from a judgment under Rule 60 should be granted only in exceptional circumstances."  *Id.*

---

[2]  The District Court had jurisdiction pursuant to 28 U.S.C. § 1332.  We have jurisdiction pursuant to 28 U.S.C. § 1291.

4

On appeal, Flanagan essentially repeats the arguments he presented to the District Court. His principal argument emphasizes the alleged inequity of the District Court's decision to dismiss Curran's complaint with prejudice. This argument contravenes the rule that "an appeal from denial of Rule 60(b) relief does not bring up the underlying judgment for review." *Browder v. Dir. Dep't of Corrs. of Ill.*, 434 U.S. 257, 263 n.7 (1978). Moreover, appellant's brief fails entirely to address the District Court's primary reason for denying the motion for relief, *i.e.*, the extensive delay between the time Flanagan learned of the dismissal of Curran's complaint and the filing of his Rule 60(b) motion.

As the District Court correctly noted, the Federal Rules of Civil Procedure require motions for relief pursuant to Rule 60(b)(1) to be made within a reasonable time not to exceed one year after judgment. *See* FED. R. CIV. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time--and . . . no more than a year after the entry of the judgment or order or the date of the proceeding."). The one-year limitation serves as an outer bound, and establishes that motions filed within one year are *ipso facto* reasonable. Here, according to Flanagan, 353 days passed between the day he first learned of the dismissal of Curran's complaint and the day he filed the motion for relief. On appeal, Flanagan neither offers any explanation for his dilatory conduct, nor even acknowledges that this delay formed the basis for the District Court's holding. His failure to do so is, unfortunately for Curran, fatal to her appeal. Accordingly, we will affirm.