10-3353-pr
Green v. Walsh

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of February, two thousand twelve.

PRESENT:

> DENNIS JACOBS,
>> <u>Chief Judge</u>,
> RALPH K. WINTER,
> REENA RAGGI,
>> <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - - -X

Jamal Green,
> <u>Petitioner-Appellant</u>,

-v.-                                        10-3353-pr

James Walsh, Superintendent,
> <u>Respondent-Appellee</u>.
- - - - - - - - - - - - - - - - - - - - -X

FOR PETITIONER-APPELLANT:   Sally Wasserman, New York, NY.

FOR RESPONDENT-APPELLEE:    Leilani Rodriguez, Assistant Solicitor General, New York, NY (Eric T. Schneiderman, Attorney General of the State of New York; Barbara Underwood, Solicitor General; and Roseann B. MacKechnie, Deputy Solicitor General for Criminal Matters, <u>on the brief</u>).

1

Appeal from a judgment of the United States District Court for the Eastern District of New York (Dearie, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Petitioner-Appellant Jamal Green appeals the District Court's decision denying his motion to vacate an earlier judgment, which denied his petition for habeas corpus.  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Green brought his motion to vacate under Rule 60(b)(5) of the Federal Rules of Civil Procedure, which provides: "On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding" if, inter alia, "(5) the judgment . . . is based on an earlier judgment that has been reversed or vacated . . . ."

We review the denial of a Rule 60(b) motion for abuse of discretion.  Branum v. Clark, 927 F.2d 698, 704 (2d Cir. 1991) (citing Browder v. Dir., Dep't of Corr. of Ill., 434 U.S. 257, 263 n.7 (1978)).  Our review is "limited,"

2

however, Gonzalez v. Crosby, 545 U.S. 524, 535 (2005), and we look at "only the denial of the motion and not the merits of the underlying judgment for errors that could have been asserted on direct appeal." Branum, 927 F.2d at 704 (citing Browder, 434 U.S. at 263 n.7). Green has not shown that the district court abused its discretion.

Green's initial habeas petition challenged his state conviction. He contends that the state judgment was vacated when his original sentence was vacated and his case remanded for an evidentiary hearing. Even if this were so, Rule 60(b)(5) did not compel the district court to provide relief. Green's motion provided no explanation as to what permissible grounds for habeas relief he would raise if the district court's earlier judgment (denying his habeas petition) were vacated. Absent that, Green has failed to present a motion raising "just terms" for relief, Fed. R. Civ. P. 60(b), to demonstrate how the district court abused its discretion, or to establish that the new habeas proceeding he seeks would raise any new issues that have not already been considered and rejected by the district court, see 28 U.S.C. § 2254(d) (identifying limited bases upon which a state prisoner can obtain habeas relief).

Moreover, Green has not shown how the district court's initial decision denying Green's habeas petition was "based

3

on" the earlier state judgment.  Fed. R. Civ. P. 60(b)(5).
Green had collaterally attacked that judgment via habeas,
and the district court rejected that challenge.

Finally, Green has forfeited any argument that the
district court should have <u>sua</u> <u>sponte</u> construed his Rule
60(b) motion as a new habeas petition by presenting that
argument for the first time in his reply brief.  <u>See</u> <u>Conn.</u>
<u>Bar Ass'n v. United States</u>, 620 F.3d 81, 91 n.13 (2d Cir.
2010).  In any event, we cannot conclude that the district
court was required to construe the motion as such when Green
provided no basis to believe that a new habeas proceeding
would afford him relief.

We have considered all of Green's additional arguments
and find them to be without merit.  Accordingly, the
judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4