# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 21, 2012

Lyle W. Cayce
Clerk

No. 12-50198
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

PAUL ADAMS RUSH,

Defendant–Appellant.

Appeals from the United States District Court
for the Western District of Texas
USDC No. 1:08-CV-696

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Paul Adams Rush, federal prisoner #43576-080, was convicted of several charges concerning wire fraud, bank fraud, making a false statement related to a loan, and money laundering. The district court sentenced him to serve 120 months in prison and a five-year term of supervised release. In this proceeding, Rush challenges the district court's denial of his requests for relief under Federal Rule of Civil Procedure 60(b) and Federal Rule of Criminal Procedure 33. He has not briefed, and has thus abandoned, any challenge he may have had to the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-50198

district court's denial of his motion under Federal Rule of Criminal Procedure 48.[1]

Rush now requests a certificate of appealability (COA) to appeal the district court's denial of his Rule 60(b) motion as well as authorization to proceed in forma pauperis (IFP) on appeal. He maintains that the Government acted improperly by failing to disclose certain items to him and by prosecuting him when venue and jurisdiction were lacking. Rush has not shown error in connection with the district court's conclusion that his alleged Rule 60(b) motion was best construed as an unauthorized successive 28 U.S.C. § 2255 motion over which it lacked jurisdiction.[2] Consequently, he has not shown that he should be allowed to pursue these claims.[3]

Our review of the record shows no error in connection with the district court's rejection of Rush's request for relief under Rule 33 based on newly discovered evidence. This motion was untimely.[4]

*    *    *

For the foregoing reasons, the judgment of the district court denying Rush's Rule 33 motion is AFFIRMED, and Rush's request for a COA to appeal the denial of his Rule 60(b) motion and motion to proceed IFP are DENIED.

---

[1] *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

[2] *See Gonzalez v. Crosby,* 545 U.S. 524, 530-32 & n.4, 535-36 (2005).

[3] *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

[4] *See* FED. R. CRIM. P. 33(b)(1).

2