[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11770
Non-Argument Calendar
_____

D.C. Docket No. 4:03-cv-00010-BAE


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

UNITED STATES CURRENCY TOTALING $18,997.89,

Defendant,

BACKUS CADILLAC-PONTIAC, INC.,

Respondent,

DAVID C. PITTMAN, et al.,

Interested Parties,

JOHN RANDALL FUTCH,

Interested Party-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(April 20, 2015)

Before TJOFLAT, MARTIN and ANDERSON , Circuit Judges.

PER CURIAM:

In United States v. Futch, 99 F. App'x 880 (11th Cir. 2004) (Table), we affirmed appellant John Randall Futch's conviction in November 2002 on a plea of guilty to an information charging him with conspiring to possess with intent to distribute, and to distribute, cocaine, in violation of 21 U.S.C. § 846.[1]  In April 2005, Futch moved the District Court to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255.  The court denied the motion to the extent that it sought the vacation of his conviction but granted the motion as to his sentence; it vacated his prison sentence of 240 months and resentenced him to a term of 215 months.  Futch appealed the new sentence and simultaneously sought a certificate of appealability ("COA") to appeal the denial of § 2255 relief as to his conviction. We affirmed his sentence, but denied a COA to appeal his conviction.  United States v. Futch, 518 F. 3d 887, 890 (11th Cir. 2008).

_____

[1]  As we subsequently noted in United States v. Futch, 518 F. 3d 887, 890 (11th Cir. 2008), Futch unsuccessfully appealed the District Court's denial of his motion to withdraw his plea of guilty.

On March 10, 2014, Futch moved the District Court pursuant to 28 U.S.C. §§ 2255(f)(3) and (4) and Federal Rule of Criminal Procedure 60(b) for relief from his November 2002 conviction. Citing Kaley v. United States, 134 S. Ct. 1090, 188 L. Ed. 2d 46 (2014), Futch argued that the Government lacked probable cause to seize $ 19,000 from his bank account; therefore, his original indictment in United States v. Futch and subsequent conviction for violating 21 U.S.C. § 846 were invalid. The Clerk of the District Court erroneously recorded the motion as having been filed in an in rem forfeiture action, United States v. United States Currency Totaling $18,997.89, brought by the Government to obtain forfeiture of the seized money. Futch ultimately prevailed in that action, and the District Court had closed case.

The Government, in its response to Futch's March 10, 2014, motion, requested that the District Court treat the motion has having been filed pursuant to 28 U.S.C. § 2255 and deny it on the ground that the motion was successive and that Futch had not obtained leave of the Court of Appeals under 28 U.S.C. § 2255(h) to file it.[2] The District Court denied Futch's motion, and he lodged this appeal.

---

[2] To avoid having to seek such leave in the Court of Appeals, Futch requested the District Court to treat his motion as part of the § 2255 motion he had filed earlier, in April 2005.

3

We treat Futch's motion as an effort to obtain the vacation of his 21 U.S.C. § 846 conviction and thus a motion under § 2255.[3]  A prisoner standing in Futch's shoes, who previously sought habeas relief, must file a motion in this court seeking an order authorizing the district court to consider his successive § 2255 motion.  28 U.S.C. § 2244(b)(3).  This requirement trumps a prisoner's ability to file a Rule 60(b) motion to reopen his case.  Gonzalez v. Secretary of Dep't of Corr., 366 F.3d 1253, 1270-71 (11th Cir. 2004) (en banc).  Since Futch failed to obtain leave of this court to file his Rule 60(b) motion for relief from his § 846 conviction, the District Court lacked authority to entertain the motion and thus properly dismissed it.

AFFIRMED.

---

[3]  We view a motion filed under Fed. R. Crim. P. 60(b) as a habeas corpus application if, as in the instant situation, it "attacks the federal court's previous resolution of a claim on the merits," and is not deemed a habeas corpus application if it "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings."  Gonzalez v. Crosby, 545 U.S. 524, 532, 125 S. Ct. 2641, 2648, 162 L. Ed. 2d 480 (2005).