ALD-109                                                      NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2984
_____

JAMIE ELLIOTT,
                              Appellant

v.

LT.  GRACE, Warden; SGT.  WEAVERLING; C.O.I.  HARMER;
C.O.I.  CULP; C.O.I.  MORRIS; C.O.I.  PARK; C.O.I.  POLLECK;
C.O.I  TELLER; C.O.I. A. ROSS; C.O.III W. COUCH; C.O.II  HARPER;
C.O.II  COOPER; C.O. II  HAMMER
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-89-cv-01553)
District Judge:  Honorable Yvette Kane
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 14, 2016

Before: AMBRO, SHWARTZ and GREENBERG, Circuit Judges

(Opinion filed: January 19, 2016)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Jamie Elliott appeals the District Court's order denying his motions for a new trial. For the reasons below, we will summarily affirm the District Court's order.

In 1989, Elliott filed a prisoner civil rights complaint against defendants. In 1993, the District Court entered judgment against him after a jury trial. In 1999, Elliott filed an appeal from the judgment which we dismissed as untimely. See C.A. No. 99-3790. Since then, he has continued to file motions in the District Court case.

In April 2015, Elliott filed a motion for a new trial which the District Court denied after determining that there was no basis to reopen the case. After the District Court denied his motion for reconsideration and subsequent motion for a new trial, Elliott filed a notice of appeal.

In his motions for a new trial filed in the District Court, Elliott does not specify the legal basis for his motions. A motion for a new trial filed pursuant to Fed. R. Civ. P. 59 must be filed within twenty-eight days after entry of the judgment. Elliott's motions for a new trial were filed far beyond that time period. Even if the motions are construed as timely motions to reopen the judgment filed pursuant to Fed. R. Civ. P. 60(b)(6), they fail. Rule 60(b)(6) permits a litigant to move for relief from judgment for "any other reason that justifies relief." A litigant moving under Rule 60(b)(6) must show "extraordinary circumstances" to justify reopening a final judgment. Gonzalez v. Crosby,

2

545 U.S. 524, 535 (2005). Elliott has not presented any extraordinary reasons why the jury verdict from 1993 should be reopened.

Summary action is appropriate if there is no substantial question presented in the appeal. See Third Circuit LAR 27.4. For the above reasons, as well as those set forth by the District Court, we will summarily affirm the District Court's order. See Third Circuit I.O.P. 10.6. Elliott's motions are denied.