CLD-172                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3539
_____

GEORGE A. JACKSON,
                                        Appellant

v.

M.D. KEITH IVENS; PRISON HEALTH SERVICES, INCORPORATED;
STANLEY TAYLOR; STATE OF DELAWARE; CORRECTIONAL MEDICAL
SERVICES INC, Correctional Medical Services, Inc. and Correctional Medical Services
of Delaware, Inc.; CARL C. DANBERG; JAMES C. WELCH; CORRECTIONAL
MEDICAL SERVICES; CORRECTIONAL MEDICAL SERVICES OF DELAWARE,
INC.; MD KEITH IVENS; PRISON HEALTH SERVICES, INC.; WARDEN RICK
KEARNEY; DE DEPARTMENT OF CORRECTIONS
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 1-01-cv-00559)
District Judge:  Honorable Leonard P. Stark
_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect,
Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B), or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 23, 2020
Before:  JORDAN, KRAUSE, and MATEY, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 28, 2020)
_____

OPINION[*]
_____

PER CURIAM

George Jackson appeals the District Court's denial of his motion filed pursuant to Fed. R. Civ. P. 60 as well as its order denying his motion for reconsideration. For the reasons below, we will summarily affirm the District Court's orders.

Jackson, a Delaware inmate, filed a pro se complaint in 2001, alleging that Appellees were deliberately indifferent to his serious medical needs. While represented by counsel, Jackson entered into settlements with some defendants, and in 2012, the District Court granted the remaining defendants' motion for summary judgment. We affirmed the District Court's judgment. See C.A. No. 12-4155. In 2018, Jackson filed a pro se motion pursuant to Fed. R. Civ. P. 60. The District Court denied the motion as untimely and meritless. Jackson filed a motion for reconsideration and a notice of appeal. After the District Court denied the motion for reconsideration, Jackson filed an amended notice of appeal.[1]

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Because Jackson filed a timely motion for reconsideration of the District Court's denial of the Rule 60(b) motion, the time period to file his notice of appeal began when the motion for reconsideration was denied. See Fed. R. App. P. 4(a)(4)(A). Thus, his notices of appeal were timely filed and we have jurisdiction over the appeal pursuant to 28 U.S.C. § 1291.

In his Rule 60 motion, Jackson alleged that during a review of his medical files in 2015, he discovered that Appellees did not disclose two medical records to him during the litigation. Jackson claimed that he had a biopsy of an enlarged lymph node and agreed to an excisional biopsy to remove the node in 2000. While he consented to the removal of the "right submandibular" lymph node, he asserted that the medical records indicate that the "right superior cervical" lymph node was removed. He claimed that he did not consent to have *that* lymph node removed. Jackson argued that if he had seen these medical records during the litigation, he would have settled his claims on more favorable terms and would have won a judgment against the medical provider. He also discussed other medical issues that have arisen since the District Court's 2012 judgment.

Jackson based his motion on several subsections of Rule 60. First, he argued that he was entitled to relief from judgment pursuant to Rule 60(b)(2) based on newly discovered evidence, i.e. the two medical records. He also relied on Rule 60(b)(3), which provides for relief from judgment due to fraud or misconduct. However, motions filed pursuant to subsections (2) and (3) must be filed no more than a year after the judgment. Fed. R. Civ. P. 60(c)(1). Jackson's motion was filed far beyond that time limit. Moreover, he did not make any allegations that would support a conclusion that the Appellees purposefully and fraudulently withheld two medical records instead of simply overlooking two records out of 800 pages of medical records disclosed.

3

In addition, Jackson relied on Rule 60(b)(6) which allows for relief from judgment for "any other reason that justifies relief." Such a motion must be made within a reasonable time, see Fed. R. Civ. P. 60(c)(1), and the litigant must show "extraordinary circumstances" to justify reopening a final judgment. Gonzalez v. Crosby, 545 U.S. 524, 535 (2005). Jackson has not shown that the motion was made within a reasonable time. He alleged that he discovered the medical records in September 2015, but he did not file the Rule 60(b) motion until three years later in November 2018. Moreover, he does not explain why he could not have discovered these medical records years earlier. Nor has Jackson made a showing of extraordinary circumstances. Jackson has not explained why he would consent to the removal of one lymph node but not the other. He has not shown how the alleged failure to disclose these two medical records affected the litigation of his claims.

Finally, Jackson relies on Rule 60(d)(3) which provides that Rule 60 does not limit a court's power to set aside a judgment for fraud on the court. Rule 60(d) allows a District Court to entertain an independent action for relief from judgment to prevent a grave miscarriage of justice. Jackson v. Danberg, 656 F.3d 157, 166 (3d Cir. 2011). As noted above, Jackson has not made a showing that Appellees fraudulently failed to disclose the medical records. See Booker v. Dugger, 825 F.2d 281, 283 (11th Cir. 1987) (party seeking relief under Rule 60(d)(3) must show fraud by clear and convincing evidence). Failing to reopen the District Court's judgment would not lead to a grave

4

miscarriage of justice.  The District Court did not err in denying Jackson's Rule 60 motion.

In his motion for reconsideration, Jackson did not make any new arguments. Rather, he attached the medical records he had forgotten to attach to his Rule 60 motion. The District Court did not err in denying the motion for reconsideration.

Summary action is appropriate if there is no substantial question presented in the appeal.  See Third Circuit LAR 27.4.  For the above reasons, as well as those set forth by the District Court, we will summarily affirm the District Court's order.  See Third Circuit I.O.P. 10.6.