**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-7379**

DAVID LEE SMITH,

               Petitioner - Appellant,

     v.

RICK JACKSON,

               Respondent - Appellee.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, Chief District Judge.  (5:06-hc-02061-BO)

Submitted:  November 19, 2020               Decided:  November 24, 2020

Before WILKINSON, KING, and QUATTLEBAUM, Circuit Judges.

Dismissed in part, affirmed in part by unpublished per curiam opinion.

David Lee Smith, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

North Carolina state prisoner David Lee Smith seeks to appeal the district court's order denying on the merits his requests under Fed. R. Civ. P. 60(b) for relief from the court's prior order denying relief on his 28 U.S.C. § 2254 petition and denying his request under 18 U.S.C. § 3582(c)(1)(A) for compassionate release presented in his post-judgment motions.

The portion of the court's order denying Smith's requests for relief under Rule 60(b) is not appealable unless a circuit justice or judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists could find the district court's assessment of the constitutional claims debatable or wrong. *See Buck v. Davis*, 137 S. Ct. 759, 773-74 (2017). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right. *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

We have independently reviewed the record and conclude that Smith has not made the requisite showing. Smith's requests under Rule 60(b) for vacatur of the order denying § 2254 relief challenged the validity of his state sentence and, thus, should have been construed as a successive § 2254 petition. *See Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005); *United States v. McRae*, 793 F.3d 392, 397-99 (4th Cir. 2015). Absent prefiling

2

authorization from this court, the district court lacked jurisdiction to entertain Smith's successive § 2254 petition. *See* 28 U.S.C. § 2244(b)(3). Accordingly, we deny a certificate of appealability and dismiss the appeal in part.

With respect to the portion of the district court's order denying Smith's request under 18 U.S.C. § 3582(c)(1)(A) for compassionate release, we have reviewed the record and find no reversible error. Accordingly, we affirm for the reasons stated by the district court. *Smith v. Jackson*, No. 5:06-hc-02061-BO (E.D.N.C. Aug. 25, 2020).

We deny Smith's motions for liberal construction, to remand, for bail or release pending appeal, to amend his notice of appeal, and to expedite decision. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART*,
*AFFIRMED IN PART*