NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

June 22, 2012

Before

FRANK H. EASTERBROOK, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

| | |
|---|---|
| **No.** 11-3876 | |
| | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| JOHN C. JUSTICE, *Plaintiff-Appellant*, | |
| v. | |
| | No. 10 C 5331 |
| TOWN OF CICERO, ILLINOIS and LARRY DOMINICK, Town President, *Defendants-Appellees*. | Matthew F. Kennelly, *Judge*. |

## Order

Our earlier opinion concluded that Justice's notice of appeal was timely with respect to the district court's order denying his motion for relief under Fed. R. Civ. P. 60, but not with respect to the district court's original decision dismissing the case. We directed Justice to file a memorandum explaining what extraordinary circumstance, see *Gonzalez v. Crosby*, 545 U.S. 524 (2005), could support relief under Rule 60.

Justice has filed a memorandum, but he did not address that question. Instead he explained why he filed his post-judgment motion more than 28 days after the district court's decision. That subject is not relevant. The matter that

Justice needed to address was whether extraordinary circumstances required the district court to change its substantive decision dismissing the complaint.

As our earlier opinion explained, Justice filed and lost the same basic claim before; ordinary principles of preclusion doomed this successive suit. The district judge added that, even if recent legal developments permit new litigation, Justice still loses on the merits. 827 F. Supp. 2d 835 (N.D. Ill. 2011). The judge did not abuse his discretion in adhering to that decision in response to the request for reconsideration. Justice has not even attempted to explain to this court where the district judge erred, let alone what "extraordinary" circumstances justify reopening the judgment. The order of the district court denying the post-judgment motion for reconsideration therefore is

AFFIRMED.