*182 OPINION
TASHIMA, Circuit Judge.
Paul Parham filed an “Independent Action To Obtain Relief From Judgment or Order Pursuant to Rule 60(b) F.R.Civ.P.” seeking relief from a judgment dismissing his habeas petition as untimely. Parham does not make the difficult showing required for a gateway claim of actual innocence to succeed. Because he does not, we hold that the Rule 60(b) motion fails, and we will affirm the denial of his motion.
I.
Anthony Baccari, a white taxi driver, was assaulted at 5:20 a.m., on February 6, 1990. He reported to police that he went to 1331 South 18th Street in Philadelphia in response to a call from dispatch, and that a black male pointed a handgun at him, told him to open the door, and fired a shot into the window which hit him in the chest. Baccari selected a photo of Parham from a folder -with three to eight photos of middle-aged black males and from two photo albums with over one hundred photos.
At trial almost a decade later, Parham’s defense centered on two arguments. The first was that Baccari was not able properly to identify Parham. Baccari testified that even though it was dark outside when he was shot, it was “[v]ery light” from a city street light. In his closing argument, Parham’s attorney argued that Baccari did not make a proper identification because it was dark at the time of the assault, Bac-cari had very little time to see his assailant’s face, and he had just suffered a traumatic experience.
Parham’s second argument was that he was not in Philadelphia on the morning of the assault. At the trial, Parham admitted that he had lived at 1331 South 18th Street in Philadelphia but testified that he moved to Norfolk, Virginia, in January 1990. Parham testified that he worked for the Magann Construction Company (“Ma-gann”) in Norfolk from February 5-13, 1990, under the assumed name of “Dylan McNair,” and that he left Magann when he injured his hand. Parham testified his work hours were “like 6:30 until 3:00 in the afternoon or 2:30 or from 7:00 until 3:00.” Parham attempted to introduce a Magann time record, but the court excluded the record' as hearsay. In a sidebar conference, Parham’s attorney admitted that nobody at Magann could identify Parham’s photograph or say that Paul Parham was “McNair.” Parham presented testimony from an imam in Norfolk who testified that he saw Parham on February 6, 1990, in Norfolk, and that Parham had a bad hand injury. In his closing argument, Parham’s attorney referred to Parham’s alibi evidence, but admitted that “I am not going to stand here and say that we have somebody who in a drop dead fashion puts him in Virginia on February 6.” Parham’s attorney noted in closing argument that the Commonwealth had not brought in any witnesses to testify that Parham was in Philadelphia on the day of the assault.
II.
On December 17, 1999, the jury convicted Parham of aggravated assault, and Par-ham was subsequently sentenced to 9-18 years in prison. Parham’s conviction became final on October 17, 2001, when the time expired to file his appeal. On April 25, 2005, Parham filed a pro se petition for habeas corpus in Federal District Court. The District Court adopted the magistrate judge’s report and recommendation (“R & R”) that the petition be dismissed as untimely. we denied a certificate of appeala-bility, and the Supreme Court denied cer-tiorari.
*183 In the meantime, Parham filed a petition under the Pennsylvania Post Conviction Relief Act, 42 Pa. Cons.Stat. §§ 9541^46, in February 2006, which was denied as untimely. The Pennsylvania Superior Court denied his appeal and the Pennsylvania Supreme Court affirmed on September 28, 2009.
The next month, Parham filed with this Court an Application for Leave to File Second Petition for Writ of Habeas Corpus. This Court denied that application. In re Parham, No. 09-4192 (3d Cir. Dec. 23, 2009).
On December 2, 2010, Parham filed the motion that is the subject of this appeal. The motion seeks reconsideration of the District Court’s acceptance of the magistrate judge’s R & R. In support of his motion, Parham presents five types of “new” evidence, which he argues constitutes a showing of a gateway claim of actual innocence, which should equitably toll his federal habeas deadline.
First, he presents two police reports that were disclosed pre-trial.
Second, he presents a computer-generated payroll record from Magann. The magistrate judge found that this was the payroll record that was excluded as hearsay at the trial. The record states that a “Dylan G. McNair” worked at Magann from February 6 through 9, 1990. An accompanying letter, dated January 6, 2010, signed by Magann’s Director of Compliance, explains that “the actual timesheets for the particular project on which Mr. McNair performed work have been destroyed; however the attached computer generated payroll record ... is a direct reflection of the timesheets for the dates indicated.” The letter also instructs the reader to “review the attached Guidance on Interpreting the Payroll Report.” This “guidance” page says that McNair worked eight hours on each day.
Third, he presents an “employee index card” from Magann, which does not reflect the times McNair worked at Magann.
Fourth, he presents testimony by an FBI special agent in a different case that “in February of ’90 Mr. Parham was working for ... Magann Construction Company and he was using the name Dylan McNair.” The agent testified that Parham “worked there approximately one week during the month of February of 1990 and he had injured his hand and no longer worked there after that because of this injury to his hand,” but the agent did not know exactly which week Parham worked for Magann.
Fifth, he presents medical records for Paul Parham and “Dylan McNair.” The 1990 record for “Dylan McNair” reflects that “McNair” was treated for an injury to his right thumb for an accident that occurred on February 13, 1990, and describes “McNair” as “a twenty-one year old laborer.” The 1990 record for Paul Parham reflects that Paul Parham had a bony fusion at the interphalangeal joint of the right thumb. Paul Parham’s birthdate listed by the Pennsylvania Department of Corrections medical record is July 13, 1949, which means that he would have been forty in February 1990.
The District Court denied Parham’s motion and Parham timely appealed. This Court granted a Certificate of Appealability. “We exercise plenary review over the District Court’s refusal to equitably toll [AEDPA’s] statute of limitations.” Urcinoli v. Cathel, 546 F.3d 269, 272 (3d Cir.2008).
III.
Parham calls his motion a Rule 60(b) motion, and the Commonwealth argues that the motion should instead be treated as a second or successive habeas *184 petition. Parham did not obtain an order from this Circuit authorizing a second or successive habeas petition. Because federal courts lack jurisdiction to consider a second or successive habeas petition if a petitioner does not obtain such an order, Burton v. Stewart, 549 U.S. 147, 157, 127 S.Ct. 793, 166 L.Ed.2d 628 (2007), the District Court would lack jurisdiction over the motion if it is indeed a second or successive habeas petition. We hold that the District Court had jurisdiction over Par-ham’s Rule 60(b) motion.
In Gonzalez v. Crosby, the Supreme Court held that a 60(b) motion should be treated as a second or successive habeas petition if it “seeks vindication” of a “claim.” 545 U.S. 524, 531, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005). It defined a “claim” in this context as “an asserted federal basis for relief from a state court’s judgment of conviction.” Id. at 530, 125 S.Ct. 2641. Parham does not assert a claim on the merits because he does not attack the District Court’s ruling on an asserted federal basis for relief. In this appeal, Parham seeks to equitably toll the habeas’ statute of limitations with a gateway claim of actual innocence. “In a gateway case the court initially examines the question of whether a petitioner’s procedural default should be excused.... ” Houck v. Stickman, 625 F.3d 88, 93 (3d Cir.2010). If a petitioner meets the heavy burden described in Schlup v. Delo, 513 U.S. 298, 324, 327, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995), he may proceed with procedurally defaulted constitutional claims, House v. Bell, 547 U.S. 518, 555, 126 S.Ct. 2064, 165 L.Ed.2d 1 (2006). Thus, Parham seeks to show that the District Court’s “previous ruling which precluded a merits determination was in error.” Gonzalez, 545 U.S. at 532 n. 4.
It is true that assessing Parham’s gateway claim of actual innocence involves considering evidence that Parham alleges is new. But considering this “new” evidence does not transform a gateway claim into the assertion of a federal basis for relief. If we were to hold that a gateway claim of actual innocence can equitably toll the statute of limitations (which we expressly decline to do in this case), a petitioner would then need to litigate his substantive claims. This is true even for Parham’s substantive claim of actual innocence, because a petitioner carries a heavier burden to succeed on substantive claim of actual innocence than the already high burden imposed by a gateway claim. See Schlup, 513 U.S. at 314, 115 S.Ct. 851.
IV.
To show that his procedural default should be excused with a gateway claim of actual innocence, a petitioner must first present “new, reliable evidence ... that was not presented at trial.” Schlup, 513 U.S. at 324, 115 S.Ct. 851. Even assuming that, Parham has presented “new, reliable evidence,” he fails to meet Schlup’s second requirement to “show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt.” Id. at 327, 115 S.Ct. 851. Compare Houck, 625 F.3d at 96-97 (reasonable juror standard not met where new evidence bolsters but does not prove alibi), with House, 547 U.S. at 554, 126 S.Ct. 2064 (reasonable juror standard “closefly]” met where new DNA and evidence-control evidence undermined trial’s forensic evidence and two witnesses testified that they had heard the victim’s husband confess to the crime).
The alibi that Parham presented at trial — which the jury rejected—suffered from two major flaws. First, Parham could not show that he was the “Dylan McNair” who showed up for work on February 6, 1990. Second, even if the jury believed that Par- *185 ham was Dylan McNair, it could have disbelieved Parham’s alibi because there was no direct evidence that Parham was in Norfolk by 7:00 a.m. on February 6, 1990.
Parham’s “new” evidence addresses, but does not resolve the first flaw. The “new” testimony of the FBI agent bolsters Parham’s claim that he was “McNair” and worked at Magann in that week. The “new” medical records also bolster this claim, because the records support Parham’s argument that he was the person injured in the accident. However, a reasonable juror could still easily disbelieve this claim. The doctor examining “McNair” noted that he was twenty-one years old. A reasonable juror could easily conclude that this “McNair” was not Paul Parham, who was forty years old in February 1990.
Parham’s “new” evidence does not address the second flaw. Neither the computer payroll record nor the employee index card records exactly when he arrived to work, and the agent was not even sure which week in February 1990 Parham worked at Magann, let alone his time of arrival each day. A reasonable jury could believe that Parham committed the early morning assault in Philadelphia and then arrived at work in Norfolk later that day.
Parham argues that the Commonwealth’s case was relatively weak to begin with because it relied on a nighttime cross-racial identification. But Parham’s argument here parrots his attorney’s closing argument that was rejected by the jury. A reasonable juror could credit Baccari’s testimony that a streetlight provided enough light to enable Baccari to see his assailant and identify him in a photo.
Y.
Because Parham has failed to make a credible gateway showing of actual innocence, we need not decide whether a showing of actual innocence can equitably toll 28 U.S.C. § 2244(d)(1), and if so, whether a diligence standard would apply. We also need not decide whether Parham’s motion should proceed under Federal Rule of Civil Procedure (“Rule”) 60(b)(2), Rule 60(b)(6), or Rule 60(d) because it fails under each of these avenues. Parham’s motion fails as a Rule 60(b)(2) motion because it was filed more than a year after the entry of judgment from which he requested relief. See Rule 60(c)(1). Parham’s motion fails as a Rule 60(b)(6) motion because he has failed to show that it presents “extraordinary circumstances.” Gonzalez, 545 U.S. at 535, 125 S.Ct. 2641 (internal quotation marks omitted). And Parham has failed to show, as required for relief under Rule 60(d), that disallowing relief would “prevent a grave miscarriage of justice.” United States v. Beggerly, 524 U.S. 38, 47, 118 S.Ct. 1862, 141 L.Ed.2d 32 (1998).
VI.
For the foregoing reasons, we will affirm the order of the District Court denying Parham’s motion for reconsideration.