# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 1, 2013

Lyle W. Cayce
Clerk

No. 12-20293
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TOMMY ALEXANDER, SR.,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:92-CV-1979
USDC No. 4:89-CR-331-1

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Tommy Alexander, Sr., federal prisoner # 07193-035, is serving concurrent terms of life imprisonment following his conviction in 1990 for multiple offenses involving cocaine base and firearms. Approximately seventeen years after the district court denied 28 U.S.C. § 2255 relief, Alexander sought relief from the district court's order pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. He subsequently moved to amend his Rule 60(b)

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

motion to assert claims that the judgment in the § 2255 proceeding was void because the district court refused to consider evidence submitted in support of his § 2255 claims.  The district court denied both the motion to amend and the amended motion.  Alexander has appealed.

As the evidence cited by Alexander did not exist at the time his § 2255 motion was pending in the district court, his pleadings did not allege a "defect in the integrity of the [§ 2255] proceedings" and instead raised second or successive claims that the district court lacked jurisdiction to consider. *Gonzalez v. Crosby,* 545 U.S. 524, 531-32 (2005); *see also, United States v. Early*, 27 F.3d 140, 141-42 (5th Cir. 1994).  Accordingly, we conclude that the appeal is frivolous.

We have previously warned Alexander that frivolous, repetitive, or abusive filings related to relief under § 2255 would invite the imposition of sanctions. Alexander is ORDERED to pay a monetary sanction of $100 to the clerk of this court.  Until that sanction is paid, he may file no more appeals or initial pleadings challenging the validity of this conviction and sentence, whether those challenges are governed by § 2241, § 2255, or any other statutory provision, in this court or in any court under this court's jurisdiction.  We WARN Alexander that future frivolous, repetitive, or otherwise abusive challenges to this conviction and sentence in this court or any court subject to this court's jurisdiction will subject him to additional and progressively more severe sanctions.

APPEAL DISMISSED.