DLD-132                                                                           **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2892
_____

JEFFREY GIBSON,
                                                  Appellant

v.

J.P. HARRIS ASSOCIATES;
SUSQUEHANNA TWP. TAXING OFFICE
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1-13-cv-02901)
District Judge:  Honorable John E. Jones, III
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
February 4, 2016
Before:  CHAGARES, GREENAWAY, JR. and SLOVITER, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 23, 2016)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Jeffrey Gibson, proceeding pro se, appeals from the District Court's order denying his motion to reopen his District Court proceedings. For the reasons set forth below, we will summarily affirm.

In 2013, Gibson filed an application to proceed in forma pauperis and a proposed complaint, naming as defendants J.P. Harris Associates and Susquehanna Township Taxing Office. A Magistrate Judge recommended granting Gibson's application to proceed in forma pauperis and screened his complaint pursuant to 28 U.S.C. § 1915(e)(2). Although the Magistrate Judge found the allegations unclear, she discerned that Gibson sought an order from the District Court directing Susquehanna Township, Pennsylvania, to turn over information on school property taxes from 2011 and 2012. Gibson also complained that the state had no right to levy a school tax and requested an order ending school taxes in Pennsylvania and replacing them with a federal tax on oil and gas companies. In an order entered on September 9, 2014, the District Court adopted the Magistrate Judge's report, granted Gibson leave to proceed in forma pauperis, and dismissed his complaint with prejudice as frivolous pursuant to § 1915(e)(2)(B)(i). Gibson did not appeal this dismissal.

Instead, on July 23, 2015, Gibson filed a "motion to reopen" and a second motion to proceed in forma pauperis. In his motion to reopen, Gibson alleged that a June 2014 report from the Pennsylvania "State Auditor General Office" purportedly found that Susquehanna Township "wasted 7.2 million dollars of people tax money." Based on this report, Gibson requested that Susquehanna Township repay taxpayers $7.2 million and

that a tax be levied on gas and oil companies to replace the school tax in Pennsylvania. In an order entered on July 27, 2015, the District Court summarily denied his motion to proceed in forma pauperis and his motion to reopen, noting that, as it had concluded when dismissing the complaint under § 1915(e)(2)(B)(i), Gibson's claims had no basis in fact or law and were entirely frivolous. Gibson filed a timely notice of appeal.

We have jurisdiction pursuant to 28 U.S.C. § 1291,[1] and we may summarily affirm the District Court's order if the appeal does not raise a substantial question. 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6. We may affirm on any basis supported by the record. See Erie Telecomms., Inc. v. City of Erie, 853 F.2d 1084, 1089 n.10 (3d Cir. 1988).

We construe Gibson's motion to reopen as seeking relief pursuant to Federal Rule of Civil Procedure 60(b)(2), which allows a litigant to obtain relief from a final judgment based on "newly discovered evidence."[2] Generally, we review orders denying Rule 60(b) motions for abuse of discretion. See Jackson v. Danberg, 656 F.3d 157, 162 (3d Cir.

---

[1] To the extent that Gibson seeks to challenge the District Court's September 9, 2014 order dismissing his complaint as frivolous pursuant to § 1915(e)(2)(B)(i), we lack jurisdiction because the notice of appeal was not timely with regard to that order. Pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, a notice of appeal in a civil case in which the United States is not a party must be filed within 30 days of the date of entry of the judgment or order appealed. Gibson's notice of appeal was filed after the District Court entered its order dismissing the complaint. Although the time to appeal may be tolled if, within 28 days of entry of judgment, a party files a motion pursuant to Rule 60 of the Federal Rules of Civil Procedure, see Fed. R. App. P. 4(a)(4)(A)(vi), Gibson's motion to reopen was filed well beyond that time frame.

[2] Although Gibson did not cite Rule 60(b)(2) in his motion to reopen, he expressly moved to reopen his case "on the legal gro[unds] that a case m[a]y be reopened should new information to the case [be] f[ou]nd."

3

2011). An appeal from the denial of Rule 60(b) relief does not bring up the underlying judgment for review. See Browder v. Dir., Dep't of Corr., 434 U.S. 257, 263 n.7 (1978). Pursuant to Rule 60(b)(2), a district court has discretion to reopen a judgment only if the newly discovered evidence is material and "would probably have changed the outcome" of the proceedings. See Bohus v. Beloff, 950 F.2d 919, 930 (3d Cir. 1991).

The District Court initially dismissed Gibson's complaint pursuant to § 1915(e)(2)(B)(i) because his request to stop Pennsylvania school taxes lacked any basis in fact or law. Gibson's claim in his motion to reopen that a June 2014 report allegedly found that Susquehanna Township somehow misused $7.2 million of taxpayer money does not change the District Court's analysis that Gibson's claims were factually and legally frivolous. Indeed, Gibson made similar claims in his objections to the Magistrate Judge's report and recommendation, which the District Court determined were without merit. In addition, Gibson's motion to reopen reasserts his requests to end school taxes and levy taxes against oil and gas companies. These allegations are insufficient to warrant the "extraordinary relief" afforded by Rule 60(b).[3] See Bohus, 950 F.2d at 930 ("We view Rule 60(b) motions as 'extraordinary relief which should be granted only

---

[3] To the extent Gibson's motion to reopen could be construed as seeking relief pursuant to Rule 60(b)(6), it similarly fails. Rule 60(b)(6) permits a litigant to move for relief from judgment for "any other reason that justifies relief." A litigant moving under Rule 60(b)(6) must show "extraordinary circumstances" to justify reopening of a final judgment. Gonzalez v. Crosby, 545 U.S. 524, 535 (2005). Gibson has not presented any extraordinary reasons why his District Court proceeding should be reopened.

where extraordinary justifying circumstances are present.'") (citation omitted).

Therefore, we conclude that the District Court acted within its discretion in denying

Gibson's motion to reopen.[4]

Accordingly, we will affirm the District Court's order.

---

[4] To the extent Gibson also appeals the denial of his July 23, 2015 motion for leave to proceed in forma pauperis, we note that the District Court had already granted Gibson leave to proceed in forma pauperis in its order entered on September 9, 2014. Accordingly, Gibson's second motion for leave to proceed in forma pauperis was unnecessary.