**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 16-6213**

_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

      v.

RAMONE HAISON ETHRIDGE,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (5:10-cr-00206-BO-2; 5:13-cv-00312-BO)

_____

Submitted: October 18, 2016         Decided: November 4, 2016

_____

Before WILKINSON and FLOYD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

Ramone Haison Ethridge, Appellant Pro Se. S. Katherine Burnette, Seth Morgan Wood, OFFICE OF THE UNITED STATES ATTORNEY, Dennis Michael Duffy, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ramone Haison Ethridge seeks to appeal the district court's order denying his self-styled motion for correction under Fed. R. Civ. P. 60(b) - which sought correction of the district court's judgment denying relief on his 28 U.S.C. § 2255 (2012) motion - and the court's order denying his Fed. R. Civ. P. 59(e) motion. The orders are not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2012).* A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When the

---

* In United States v. McRae, 793 F.3d 392 (4th Cir. 2015), we "address[ed] the question whether, in light of Reid v. Angelone, 369 F.3d 363 (4th Cir. 2004), and Gonzalez v. Crosby, 545 U.S. 524 (2005), [a habeas applicant]'s appeal of the district court's dismissal of his Rule 60(b) motion as an unauthorized successive § 2255 motion is subject to the certificate of appealability requirement." Id. at 396 (internal quotation marks omitted). We held that no certificate of appealability is required for this court to "address the district court's jurisdictional categorization of a Rule 60(b) motion as a successive habeas petition." Id. at 399. Importantly, McRae abrogates the certificate of appealability requirement only in the narrow situation where the district court construes a Rule 60(b) motion as a successive habeas application. See id. at 400 n.7 (noting that McRae represents "an abrogation of only a small part of Reid's reasoning" and that "Reid's reasoning remains almost entirely intact"). Applying Reid and McRae here, we hold that appellate review of the district court's order denying Ethridge's Rule 60(b) motion is subject to the certificate of appealability requirement. The district court did not recharacterize Ethridge's postjudgment filing as a successive § 2255 motion, and it otherwise did not reject the motion on jurisdictional grounds.

2

district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong.  Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003).  When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right.  Slack, 529 U.S. at 484-85.

We have independently reviewed the record and conclude that Ethridge has not made the requisite showing.  Accordingly, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED

3