# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Susana B. Navarro,                 :

              Plaintiff,         :

            v.                :         Civil Action No. 15-1712 (CKK)

Commissioner of Social Security,     :

             Defendant.       :

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on plaintiff's "Presentation of Ultimate Evidence," ECF No. 16, which is construed as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b). Rule 60(b) allows the Court to relieve a party from a final judgment for one of five specific grounds, *see* Fed. R. Civ. P. 60(b)(1)-(5), none of which apply in this case, or for "any other reason that justifies relief," Fed. R. Civ. P. 60(b)(6). Relief under Rule 60(b)(6) should be granted only if the moving party demonstrates "'extraordinary circumstances' justifying the reopening of a final judgment." *Salazar ex rel. Salazar v. District of Columbia*, 633 F.3d 1110, 1116 (D.C. Cir. 2011) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005)); *see Good Luck Nursing Home, Inc. v. Harris*, 636 F.2d 572, 577 (D.C. Cir. 1980) (noting that "this form of relief should only be sparingly used").

Plaintiff has been entitled to receive widow's insurance benefits under Title II of the Social Security Act since May 2006 on the record of her deceased husband, Eugenio Navarro. Brief in Support of Def.'s Mot. to Dismiss Pl.'s Compl., ECF No. 9, Nicoll Decl. ¶ 3(a). In

March 2009, defendant notified plaintiff that the Social Security Administration ("SSA") would deduct Federal income taxes from her widow's insurance benefits. Nicoll Decl. ¶ 3(b). Plaintiff sought reconsideration, but the "information [she] submitted did not provide a basis to stop such deductions." *Id*. SSA advised that it would "stop deducting the tax" if plaintiff could demonstrate either that she become a United States citizen, or that she lives in the United States, Canada, Egypt, Germany, Ireland, Israel, Italy, Japan, Romania, Switzerland or the United Kingdom. *Id*., Ex. 3 (Notice of Change in Benefits dated September 19, 2013) at 1.

The Court dismissed this case because plaintiff had not exhausted her administrative remedies as 42 U.S.C. § 405(g) requires before filing her complaint. Plaintiff has attached exhibits to her motion presumably for the purpose of demonstrating that her late husband was a United States citizen. Mr. Navarro's citizenship is irrelevant, however, to the issue of exhaustion of administrative remedies. Because plaintiff has failed to demonstrate extraordinary circumstance to warrant the relief she demands, the Court denies her motion for relief from judgment.

Accordingly, it is hereby

ORDERED that plaintiff's motion for relief from judgment [16] is DENIED.

SO ORDERED.

DATE: December 5, 2017

/s/
COLLEEN KOLLAR KOTELLY
United States District Court Judge