NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————

**MEDINOL LTD.,**
*Plaintiff-Appellant*

**v.**

**CORDIS CORPORATION, JOHNSON & JOHNSON,**
*Defendants-Appellees*

———————

2015-1027

———————

Appeal from the United States District Court for the Southern District of New York in No. 1:13-cv-01408-SAS, Judge Shira Ann Scheindlin.

———————

Decided: April 19, 2018

———————

RICHARD H. PILDES, New York, NY, argued for plaintiff-appellant. Also represented by RICHARD DELUCIA, ELIZABETH GARDNER, ALOYSIUS ANTONY PFEFFER, ANDREW D. SILVERMAN, Orrick, Herrington & Sutcliffe LLP, New York, NY; ALEC SCHIERENBECK, Washington, DC; ROBERT L. URIARTE, Menlo Park, CA.

GREGORY DISKANT, Patterson Belknap Webb & Tyler LLP, New York, NY, argued for defendants-appellees.

Also represented by EUGENE M. GELERNTER, LAURA KAUFMAN.

_____

Before DYK, REYNA, and STOLL, *Circuit Judges.*

DYK, *Circuit Judge.*

I

In 2013, Medinol brought a patent-infringement suit against Cordis Corporation and Johnson & Johnson ("Cordis"). The defendants asserted a defense of laches, relying on this court's decision in *A.C. Aukerman Co. v. R.L. Chaides Construction Co.*, 960 F.2d 1020 (Fed. Cir. 1992) (en banc). The parties agreed that the district court would hold a bench trial on the laches defense. Before trial, the Supreme Court granted certiorari to decide whether the defense of laches was a defense to infringement in copyright. *Petrella v. Metro-Goldwyn Mayer, Inc.*, 570 U.S. 948 (2013). In its pretrial memorandum of law, Medinol "reserve[d] the right to argue that the equitable defense of laches should not be applied to bar a patentee's legal claim for damages . . . based on the outcome of the pending appeal to the Supreme Court in *Petrella v. Metro-Goldwyn Mayer, Inc.*" J.A. 217.

On April 4, 2014, the district court entered judgment that the defense of laches barred damages for Medinol's claims of patent infringement. J.A. 1185. Medinol did not appeal, and the judgment became final on May 4, 2014. On May 19, 2014, the Supreme Court decided *Petrella*, which held that laches is not a defense in copyright. 134 S. Ct. 1962, 1978–79 (2014).

Three months later, on August 5, 2014, Medinol brought a motion under Federal Rule of Civil Procedure 60(b)(6) seeking relief from the final judgment, arguing that the Petrella decision was an intervening change in law that upended the laches framework upon which the

judgment was based. The district court denied the Rule 60(b)(6) motion, explaining that *Aukerman* remained controlling precedent despite *Petrella*.

Medinol appealed the denial of the Rule 60(b) motion to our court, and we held the appeal in abeyance while we considered *SCA Hygiene* en banc. In the en banc decision, our court held that laches remained a viable defense in the patent infringement context. *See SCA Hygiene Prods. Aktiebolag v. First Quality Baby Prods. LLC*, 807 F.3d 1311, 1328 (Fed. Cir. 2015) (en banc), *vacated in part* by 137 S. Ct. 954 (2017). Medinol and Cordis then moved for summary affirmance in light of the *SCA Hygiene* en banc decision, which we granted, affirming the district court. Medinol petitioned for certiorari. The Supreme Court, having granted certiorari in *SCA Hygiene*, held Medinol's petition.

The Supreme Court then reversed *SCA Hygiene* and held that laches is no longer a defense to bar damages for patent infringement. 137 S. Ct. at 967. The Supreme Court then granted Medinol's petition for certiorari, vacated the judgment, and "remanded to the United States Court of Appeals for the Federal Circuit for further consideration in light of *SCA Hygiene*." *Medinol Ltd. v. Cordis Corp.*, 137 S. Ct. 1372 (2017). We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1). A district court's Rule 60(b)(6) ruling is reviewed for abuse of discretion.

II

The district court's denial of Rule 60(b) relief was based on *Aukerman*, which has since been overruled by the Supreme Court. *See SCA Hygiene*, 137 S. Ct. at 967. That judgment is accordingly vacated, and this case is remanded to the district court to determine whether the "extraordinary circumstances" showing required under

Rule 60(b)(6) has been established.[1] As part of the extraordinary circumstances analysis, the district court should consider Medinol's failure to appeal the original judgment under the Supreme Court's decision in *Gonzalez v. Crosby*, 545 U.S. 524, 536–38 (2005).

**VACATED AND REMANDED**

COSTS

No costs.

---

[1]  *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864 (1988) (quoting *Ackermann v. United States*, 340 U.S. 193, 199 (1950)) ("We have previously . . . caution[ed] that [Rule 60(b)(6)] should only be applied in 'extraordinary circumstances.'").