CLD-263                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1898
_____

KAREEM HASSAN MILLHOUSE,
                                        Appellant

v.

MS. DAVIS, P.A.; FAUSTO, P.A.T.; GARY REYNOLDS, M.D.;
WARDEN TROY LEVI; SIS LIEUTENANT JAMES GIBBS;
CAPTAIN DAVID C. KNOX; DR. SPALDING; JOHN DOES 1-10;
DR. DALMASI
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-07-cv-02222)
District Judge:  Honorable Harvey Bartle, III
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 12, 2018
Before: CHAGARES, GREENAWAY, JR. and FUENTES, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 3, 2018)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se appellant Kareem Hassan Millhouse, a federal prisoner proceeding in forma pauperis, appeals from the District Court's order denying his motion under Federal Rule of Civil Procedure 60(b)(6). For the reasons discussed below, we will summarily affirm.

I.

Because we write primarily for the parties, who are already familiar with this case, we include only those facts necessary to reach our conclusion.

In 2007, Millhouse filed a <u>Bivens</u> complaint against several officials and members of the medical staff at the Philadelphia Federal Detention Center. <u>See</u> <u>Bivens v. Six Unknown Fed. Narcotics Agents</u>, 403 U.S. 388 (1971). Millhouse raised Eighth Amendment claims regarding his medical care. The District Court granted Millhouse leave to proceed in forma pauperis.

In 2011, the District Court entered summary judgment in favor of all remaining defendants on all remaining claims. Millhouse appealed to this Court. We declined to grant him leave to proceed in forma pauperis on appeal,[1] and we dismissed his appeal for failure to pay the filing fee.

Nearly seven years later, in March 2018, Millhouse filed in the District Court a motion for relief under Federal Rule of Civil Procedure 60(b)(6). Millhouse "request[ed]

---

[1] At that time, Millhouse had three strikes and had failed to file an imminent danger motion. <u>See generally</u> 28 U.S.C. § 1915(g); <u>Abdul-Akbar v. McKelvie</u>, 239 F.3d 307, 312 (3d Cir. 2001) (en banc).

2

that in forma pauperis status is revoked which this court can do at any time." The District Court denied the motion, and this appeal ensued.

## II.

We have jurisdiction under 28 U.S.C. § 1291. We review the denial of a motion under Federal Rule of Civil Procedure 60(b)(6) for abuse of discretion. See Budget Blinds, Inc. v. White, 536 F.3d 244, 251 (3d Cir. 2008). We may summarily affirm if the appeal presents no substantial question. See 3d Cir. LAR 27.4; I.O.P. 10.6.

## III.

A "movant seeking relief under Rule 60(b)(6) [must] show 'extraordinary circumstances' justifying the reopening of a final judgment." Gonzalez v. Crosby, 545 U.S. 524, 535 (2005); see also White, 536 F.3d at 251. Moreover, the motion "must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1); see also Cox v. Horn, 757 F.3d 113, 125 (3d Cir. 2014).

Here, Millhouse's short motion is largely devoid of reasoning, and does not make clear the relief he seeks. His arguments seem to concern his motion to proceed in forma pauperis—which the District Court granted.[2] Millhouse has not argued, let alone shown, that there were extraordinary circumstances which would justify setting aside the District Court's judgment. Nor is there any indication in his motion why he waited seven years to

---

[2] In his motion, Millhouse did not mention this Court's 2011 orders denying him leave to proceed in forma pauperis and dismissing his appeal for failure to pay the filing fee. In the event he meant to challenge those orders, a Rule 60(b) motion is not the appropriate means to do so.

file the motion. Thus, we cannot say that the District Court abused its discretion in denying the motion.

As this appeal does not present a substantial question, we will summarily affirm the judgment of the District Court.