CLD-285                                              NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1964
_____

GREGORY S. BURKE,
                              Appellant
v.

SECRETARY PENNSYLVANIA DEPARTMENT OF
CORRECTIONS; THE DISTRICT ATTORNEY OF
PHILADELPHIA COUNTY; THE ATTORNEY
GENERAL OF THE STATE OF PENNSYLVANIA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 2-18-mc-00064)
District Judge: Jeffrey L. Schmehl
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 or
Issuance of a Certificate of Appealability Pursuant to 28 U.S.C. § 2253(c)(1)
August 9, 2018

Before:  CHAGARES, GREENAWAY, JR. and FUENTES, Circuit Judges

(Opinion filed: August 29, 2018)
_____

OPINION*
_____

_____
*This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Gregory S. Burke appeals from an order of the District Court denying his Rule 60(b)(6) motion. For the reasons that follow, we will summarily affirm.

Burke, a Pennsylvania state prisoner, pleaded guilty to felony murder in the Philadelphia Court of Common Pleas, apparently shortly after his trial began. In 1987, he was sentenced to a mandatory term of life imprisonment and concurrent terms of imprisonment of 10-20 years for robbery and 2½-5 years for possessing an instrument of crime. The Pennsylvania Superior Court affirmed the judgment of sentence for felony murder but vacated Burke's sentence for robbery and also remanded the matter for resentencing on Burke's criminal conspiracy conviction. Burke filed a petition for allowance of appeal. On August 3, 1993, the Pennsylvania Supreme Court denied the petition.[1] Thereafter, Burke sought relief four times, unsuccessfully, under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. § 9542, et seq.

In 2015, Burke filed two state petitions for writ of habeas corpus, which were treated as a single new PCRA petition. The petitions were based on newly discovered evidence of innocence. Specifically, Burke contended that a Commonwealth witness committed perjury at trial because newly obtained records indicated that the witness was incarcerated at the time that he testified that he heard Burke's confession outside of prison. The PCRA petition was dismissed as untimely filed. The Superior Court affirmed, concluding that Burke failed to establish that he filed his PCRA petition within 60 days of the date that he learned of the new evidence, as required to establish timeliness under 42 Pa. Cons. Stat. Ann. § 9545(b)(1)(ii) & (2), see Commonwealth v. Burke, 2016

---

[1] On January 11, 1994, the trial court sentenced Burke to a concurrent term of 5-10 years' imprisonment on the charge of criminal conspiracy.

WL 7442288 (Pa. Super. Ct. Dec. 27, 2016). Burke then filed another PCRA petition, which was denied on August 21, 2017. He appealed to the Superior Court, see Commonwealth v. Burke, No. 3216 EDA 2017, but then applied to withdraw his appeal. On March 28, 2018, the Superior Court granted his application and the appeal was withdrawn, id.

Meanwhile, on March 19, 2018, Burke filed a motion for Rule 60(b)(6) relief in the United States District Court for the Eastern District of Pennsylvania. In it he sought review of the August 21, 2017 denial by the state trial court of his latest PCRA petition and review of his "conviction on April 20, 1987." Burke specifically argued that, because he is actually innocent, the U.S. Supreme Court's decision in McQuiggin v. Perkins, 569 U.S. 383 (2013), should act as a gateway through which his claims may be addressed on the merits. He further alleged that all counsel had been ineffective in defending his rights; that the Commonwealth withheld evidence of its witness James Spencer's prior record; and that the Commonwealth suppressed records that may have supported a defense of diminished capacity. In an order entered on April 12, 2018, the District Court dismissed Burke's motion on the ground that Rule 60(b) did not give federal courts jurisdiction to grant relief from the judgment of a state PCRA court.

Burke filed a motion for reconsideration and a notice of appeal. In his motion for reconsideration, Burke contended that the District Court misconstrued his petition as an attempt to vacate the PCRA court's order of dismissal; it was instead an attempt to have review of his actual innocence argument. In an order entered on May 11, 2018, the District Court denied Burke's motion for reconsideration, concluding that he had not met the standard for reconsideration.

We have jurisdiction under 28 U.S.C. § 1291.[2] Our Clerk granted Burke leave to appeal in forma pauperis and advised him that the appeal was subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B) or summary action under Third Cir. LAR 27.4 and I.O.P. 10.6.

We will summarily affirm the orders of the District Court denying Burke's Rule 60(b)(6) motion and denying reconsideration because no substantial question is presented by this appeal, Third Cir. LAR 27.4 and I.O.P. 10.6. Rule 60(b) provides litigants with a mechanism by which they may reopen a final judgment in a habeas corpus case brought pursuant to 28 U.S.C. § 2254 "under a limited set of circumstances including fraud, mistake, and newly discovered evidence." Gonzalez v. Crosby, 545 U.S. 524, 528 (2005). It does not, as the District Court held and as Burke appears to understand, authorize federal courts to directly review an order of a state post-conviction court. As Burke argued, we held in Satterfield v. District Attorney of Phildelphia, 872 F.3d 152, 160-61 (3d Cir. 2017), that McQuiggin affected a change in our decisional law and, when accompanied by a showing of extraordinary circumstances, may properly serve as the basis of a Rule 60(b)(6) motion. Burke, however, does not allege nor does it appear that he has ever pursued a § 2254 habeas corpus petition. There is, in short, no final § 2254 judgment to reopen and thus no basis for a Rule 60(b)(6) motion. Accordingly, summary affirmance of the District Court's orders is proper.

---

[2] Burke did not file a new or amended notice of appeal within the time required once his motion for reconsideration was denied, see Fed. R. App. P. 4(a)(4)(B)(ii), but the order denying the motion for reconsideration did not decide any new issues, see Carrascosa v. McGuire, 520 F.3d 249, 254 (3d Cir. 2008) (where no amended notice of appeal is timely filed Court lacks jurisdiction to review "any arguments raised for the first time" in motion for reconsideration).

Burke's conviction became final 90 days after the Pennsylvania Supreme Court denied his petition for allowance of appeal, or on November 1, 1993. See Kapral v. United States, 166 F.3d 565, 570 (3d Cir. 1999); U.S. Sup. Ct. R. 13. There is a one-year deadline for filing a § 2254 petition, 28 U.S.C. § 2244(d)(1), and thus the deadline for Burke to file a § 2254 petition expired long ago. Moreover, although in the case of newly discovered evidence the one-year limitation period begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence," id. at § 2244(d)(1)(D), Burke's allegedly new evidence was the subject of his 2015 state petitions. McQuiggin, however, focused on the fundamental miscarriage of justice exception, a doctrine that had previously been applied to allow a habeas corpus petitioner "to pursue his constitutional claims ... on the merits notwithstanding the existence of a procedural bar to relief" where the petitioner makes "a credible showing of actual innocence." 569 U.S. at 392 (internal quotation marks removed). The Supreme Court clarified that the fundamental miscarriage of justice exception would also permit a federal habeas petitioner to overcome a petition that failed to comply with the statute of limitations, § 2244(d)(1). That is, if a petitioner asserting actual innocence persuades the District Court that, "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt, Schlup v. Delo, 513 U.S. 298, 329 (1995), McQuiggin will act as a gateway through which his untimely constitutional claims may be addressed on the merits.

If, as it appears, Burke has never before filed a § 2254 petition in federal district court challenging his conviction and sentence, McQuiggin may thus provide a basis for him to proceed, not by filing a Rule 60(b)(6) motion as he did here, but by filing in the District Court a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on the

5

required standard § 2254 form and including in the petition all of the information required by the standard form. We express no view whatever on the merits of any actual innocence arguments Burke has or may make except to note that "[c]onsidering a petitioner's diligence, not discretely, but as part of the assessment whether actual innocence has been convincingly shown" bears on the determination whether the petitioner has made the required showing under <u>Schlup</u>. <u>McQuiggin</u>, 569 U.S. at 399.

For the foregoing reasons, we will summarily affirm the orders of the District Court denying Burke's Rule 60(b)(6) motion and motion for reconsideration.