**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3177
_____

JAMIE ELLIOTT,
              Appellant

v.

LT. GRACE; SGT. WEAVERLING;
C.O.I. HARMER; C.O.I. CULP;
C.O.I. MORRIS; C.O.I. PARK;
C.O.I. POLLECK; C.O.I. TELLER;
C.O.I. ROSS; C.O. III COUCH;
C.O. II HARPER; C.O. II COOPER;
C.O. II HAMMER

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-89-cv-01553)
District Judge:  Honorable Yvette Kane

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 20, 2018

Before:  GREENAWAY, JR., BIBAS and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 28, 2019)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

In 1989, Jamie Elliott filed a prisoner civil rights complaint against defendants. In 1993, the District Court entered judgment against him after a jury trial. In 1999, Elliott filed an appeal from the judgment which we dismissed as untimely. See C.A. No. 99-3790. Since then, he has continued to file motions in the District Court case. In July 2017, Elliott filed motions for a new trial, default judgment, and appointment of counsel. The District Court denied his motions, and Elliott filed a notice of appeal. We have jurisdiction under 28 U.S.C. § 1291.

A motion for a new trial filed pursuant to Fed. R. Civ. P. 59 must be filed within twenty-eight days after entry of the judgment. Elliott's motion for a new trial was filed far beyond that time period, and in any event, Elliott did not set forth any reasons or legal basis for reopening the judgment.

Even if the motion were to be construed as a timely motion to reopen the judgment filed pursuant to Fed. R. Civ. P. 60(b)(6), it would fail.[1] Rule 60(b)(6) permits a litigant to move for relief from judgment for "any other reason that justifies relief." A litigant moving under Rule 60(b)(6) must show "extraordinary circumstances" to justify reopening a final judgment. Gonzalez v. Crosby, 545 U.S. 524, 535 (2005). We review the denial of a Rule 60(b) motion for an abuse of discretion. Jackson v. Danberg, 656 F.3d 157, 162 (3d Cir. 2011).

---

[1] A motion made pursuant to Rule 60(b)(6) must be made within a reasonable time. Fed. R. Civ. P. 60(c)(1).

2

Elliott did not present any extraordinary reasons why the jury verdict from 1993 should be reopened. He simply noted that he is disabled and that his brother had been at SCI Huntingdon. He requested a new trial on his claims of wrongful death, assault, and battery. In his supplemental argument in support of the appeal, he appears to claim that one defendant attacked him, and that after he filed a lawsuit, the defendants purportedly retaliated by "playing" with his brother's medications, causing his brother to have a heart attack. Elliott also appears to allege that defendants put something in his food that caused him chest pains. However, he does not explain why these allegations would be grounds to reopen a judgment entered after a jury verdict over twenty years ago.

Elliott also argued in the District Court that he was entitled to a default judgment because the defendants did not respond to his motion for a new trial. He does not point to any caselaw, rule, or statute that allows for a default judgment twenty years after a jury verdict. The District Court did not abuse its discretion in denying Elliott's motion for a default judgment. See Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000) (reviewing denial of motion for default for an abuse of discretion).

Because Elliott's post-judgment motions lacked merit, the District Court did not abuse its discretion in denying his motion for the appointment of counsel. See Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993) (in deciding whether to appoint counsel, court must make threshold determination of whether claim has arguable merit).

As explained above, the District Court did not abuse its discretion in denying any of Elliott's motions. Accordingly, we will affirm the District Court's judgment. Appellant's motions are denied.