**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 9 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-15062 |
| Plaintiff-Appellee, | D.C. Nos. 3:12-cr-00111-EMC-1 3:12-cr-00642-EMC-1 |
| v. | |
| WILLIAM J. WISE, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, District Judge, Presiding

Submitted December 7, 2020**
San Francisco, California

Before: HAWKINS and HURWITZ, Circuit Judges, and EATON,*** Judge.

William Wise pleaded guilty pursuant to a plea agreement to various federal

charges and was sentenced to 262 months imprisonment. He then filed a 28 U.S.C.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* Richard K. Eaton, Judge of the United States Court of International Trade, sitting by designation.

§ 2255 motion, asserting that the government had breached the plea agreement by failing to make a U.S.S.G. § 5K1.1 motion supporting a reduced sentence in exchange for his cooperation. The district court denied the motion and we affirmed. *United States v. Wise*, 740 F. App'x 558 (9th Cir. 2018).

Wise then filed a Federal Rule of Civil Procedure 60(b) motion in the district court for relief from the judgment, arguing the district court ignored *Santobello v. New York*, 404 U.S. 257 (1971), in rejecting the § 2255 motion. The district court deemed the Rule 60(b) motion a second or successive petition under 28 U.S.C. § 2244(b) and denied it for lack of jurisdiction. Wise filed a notice of appeal, and this Court remanded to the district court for the limited purpose of granting or denying a certificate of appealability ("COA"). The district court granted a COA, and this appeal followed.

1. The district court correctly held that Wise's Rule 60(b) motion was a second or successive habeas petition because it challenged the district court's initial resolution of his petition "on the *merits*." *See Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). A second or successive petition can be filed in the district court only upon permission of the court of appeals. *See* 28 U.S.C. § 2244(b)(3). Wise never sought or obtained such permission. The district court therefore correctly denied his motion. *See Burton v. Stewart*, 549 U.S. 147, 151–52 (2007) (per curiam) (stating that failure to obtain authorization to file a second or successive petition is a

2

jurisdictional bar).

2. Construing this appeal as an application for permission to file a second or successive § 2255 motion, we deny it. A second or successive motion can be approved for filing only when it contains "newly discovered evidence" or invokes a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court." 28 U.S.C. § 2255(h)(1)-(2). Wise's Rule 60(b) motion simply repeats arguments made in his § 2255 motion and rejected in our prior disposition, and he has not made a prima facie showing under § 2255(h).

**AFFIRMED; APPLICATION TO FILE A SECOND OR SUCCESSIVE PETITION DENIED.**