**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 20-7777**

─────────

WILLIAM DAWSON,

                    Petitioner - Appellant,

        v.

BRYAN K. WELLS,

                    Respondent - Appellee.

─────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, District Judge.  (5:18-hc-02303-BO)

─────────

Submitted:  April 22, 2021                    Decided:  April 27, 2021

─────────

Before GREGORY, Chief Judge, AGEE, Circuit Judge, and TRAXLER, Senior Circuit Judge.

─────────

Dismissed in part and affirmed in part by unpublished per curiam opinion.

─────────

William Dawson, Appellant Pro Se.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

North Carolina prisoner William Dawson seeks to appeal the district court's order denying multiple motions Dawson filed seeking his release from prison due to his age, poor health, and his exposure to and affliction with COVID-19. We dismiss in part and affirm in part.

First, because three of Dawson's motions sought vacatur of the court's earlier order denying Dawson's 28 U.S.C. § 2254 petition, or asked the court to liberally construe the habeas petition as raising additional claims ("reconsideration and clemency motions"),[*] we conclude that this portion of the district court's order is not appealable unless a circuit justice or judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists could find the district court's assessment of the constitutional claims debatable or wrong. *See Buck v. Davis*, 137 S. Ct. 759, 773-74 (2017). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional

---

[*] Although two of Dawson's motions were styled as seeking relief under Fed. R. Civ. P. 59(e), those motions were filed more than 28 days after the district court's order denying Dawson's § 2254 petition and are thus properly construed as Fed. R. Civ. P. 60(b) motions. *See* Fed. R. Civ. P. 59(e).

right.  *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Because the reconsideration and clemency motions sought vacatur of the order denying § 2254 relief or sought to add new claims to the habeas petition, those motions should have been construed as successive § 2254 petitions.  *See Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005); *United States v. McRae*, 793 F.3d 392, 397-99 (4th Cir. 2015). Absent prefiling authorization from this court, the district court lacked jurisdiction to entertain the successive petitions.  *See* 28 U.S.C. § 2244(b)(3).  Accordingly, we deny a certificate of appealability and dismiss the appeal in part.

Finally, with respect to the district court's denial of Dawson's remaining requests for relief, we have reviewed the record and find no reversible error.  Accordingly, we affirm the district court's order in part.  *Dawson v. Wells*, No. 5:18-hc-02303-BO (E.D.N.C. Nov. 4, 2020).  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*

3