**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-7530**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ALBERT CHARLES BURGESS, JR.,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Graham C. Mullen, Senior District Judge.  (1:09-cr-00017-GCM-WCM-1)

Submitted:  June 29, 2021                    Decided:  July 1, 2021

Before HARRIS, RICHARDSON, and RUSHING, Circuit Judges.

Dismissed in part, affirmed in part by unpublished per curiam opinion.

Albert Charles Burgess, Jr., Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Albert Charles Burgess, Jr.—a federal inmate convicted in 2009 of possessing and receiving visual materials shipped in interstate commerce via computer depicting a minor engaged in sexually explicit conduct—seeks to appeal the district court's order denying his Fed. R. Civ. P. 60(b)(4) motion for relief from the court's prior denying relief on his 28 U.S.C. § 2255 motion and appeals from the district court's order denying his motion for a new trial under Fed. R. Crim. P. 33.

The district court's order denying Burgess' Rule 60(b)(4) motion is not appealable unless a circuit justice or judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists could find the district court's assessment of the constitutional claims debatable or wrong. *See Buck v. Davis*, 137 S. Ct. 759, 773-74 (2017). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the motion states a debatable claim of the denial of a constitutional right. *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

We have independently reviewed the record and conclude that Burgess has not made the requisite showing. The claims Burgess raised in his Rule 60(b) motion challenged the validity of his convictions, and, thus, the motion should have been construed as a successive § 2255 motion. *See Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005); *United*

2

*States v. McRae*, 793 F.3d 392, 397-99 (4th Cir. 2015). Absent prefiling authorization from this court, the district court lacked jurisdiction to entertain Burgess' successive § 2255 motion. *See* 28 U.S.C. §§ 2244(b)(3), 2255(h). Accordingly, we deny a certificate of appealability and dismiss the appeal in part.

Turning to the district court's order denying Burgess' motion for a new trial, under Rule 33, Burgess had "3 years after the verdict or finding of guilty" to file the motion. Fed. R. Crim. P. 33(b)(1). The jury found Burgess guilty on November 18, 2009. Burgess filed his new trial motion in August 2020 and has not presented any circumstances suggesting his filing was delayed by "excusable neglect." Fed. R. Crim. P. 45(b)(1)(B). The district court thus did not abuse its discretion in denying the untimely motion for a new trial, *see United States v. Wolf*, 860 F.3d 175, 189 (4th Cir. 2017) (stating standard of review), and we affirm the denial order on this basis, *United States v. Burgess*, No. 1:09-cr-00017-GCM-WCM-1 (W.D.N.C. Sept. 2, 2020).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*