**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-6832

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JUAN SOTO,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:15-cr-00071-D-2)

Submitted:  October 19, 2023                    Decided:  October 24, 2023

Before KING and WYNN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Juan Soto, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Juan Soto seeks to appeal the district court's order denying his Fed. R. Civ. P. 60(b) motion seeking relief from the district court's criminal judgment. Soto's motion was, in substance, a 28 U.S.C. § 2255 motion. The district court's denial of relief on this motion is not appealable unless a circuit justice or judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists could find the district court's assessment of the constitutional claims debatable or wrong. *See Buck v. Davis*, 580 U.S. 100, 115-17 (2017). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the motion states a debatable claim of the denial of a constitutional right. *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

We have independently reviewed the record and conclude that Soto has not made the requisite showing. In his Rule 60(b) motion, the claim Soto raised challenged the validity of one of his convictions, and, thus, the motion should have been construed as a successive § 2255 motion.[*] *See Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005); *United States v. McRae*, 793 F.3d 392, 397-99 (4th Cir. 2015). Absent prefiling authorization

---

[*] The district court denied relief on Soto's initial § 2255 motion on the merits in 2019.

2

from this court, the district court lacked jurisdiction to entertain Soto's successive § 2255 motion.  *See* 28 U.S.C. §§ 2244(b)(3), 2255(h).  Accordingly, we deny a certificate of appealability and dismiss the appeal.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*