**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 23-6160**

———————

JULIA SHAWNETTE GORMAN,

        Petitioner - Appellant,

   v.

WARDEN PATRICIA YEDELL,

        Respondent - Appellee.

———————

Appeal from the United States District Court for the District of South Carolina, at Florence. Henry M. Herlong, Jr., Senior District Judge. (4:22-cv-01036-HMH)

———————

Submitted: May 10, 2024                              Decided: June 25, 2024

———————

Before AGEE, THACKER, and HEYTENS, Circuit Judges.

———————

Vacated and remanded by unpublished per curiam opinion.

———————

Julia Shawnette Gorman, Appellant Pro Se.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Julia Shawnette Gorman appeals the district court's order denying Gorman's Fed. R. Civ. P. 60(b) motion for relief from judgment in Gorman's 28 U.S.C. § 2254 proceeding. "[A] Rule 60(b) motion in a habeas proceeding that attacks 'the substance of the federal court's resolution of a claim on the merits' is not a true Rule 60(b) motion, but rather a successive habeas petition," and is subject to the preauthorization requirement of 28 U.S.C. § 2244(b)(3)(A). *United States v. McRae*, 793 F.3d 392, 397 (4th Cir. 2015) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005)). By contrast, "[a] Rule 60(b) motion that challenges 'some defect in the integrity of the federal habeas proceedings' . . . is a true Rule 60(b) motion, and is not subject to the preauthorization requirement." *Id.* (quoting *Gonzalez*, 545 U.S. at 532). Where the movant "presents claims subject to the requirements for successive applications as well as claims cognizable under Rule 60(b)," such a pleading is a mixed true Rule 60(b) motion/successive § 2254 petition. *Id.* at 400 (internal quotation marks omitted).

In her Rule 60(b) motion, Gorman sought a remedy for a perceived flaw in her § 2254 proceeding and raised direct attacks on her conviction. Thus, Gorman's pleading was a mixed Rule 60(b) motion/§ 2254 petition. The district court did not afford Gorman the opportunity to elect between deleting her successive § 2254 claims or having her entire motion treated as a successive § 2254 petition. *See McRae*, 793 F.3d at 400. We therefore grant a certificate of appealability, vacate the district court's order, and remand for further proceedings in accordance with *McRae*. We deny as moot Gorman's motion to expedite. We dispense with oral argument because the facts and legal contentions are adequately

2

presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*